THE STATE, EX REL. LYONS *v.* PHILLIPS, RECORDER VIGO COUNTY.

[No. 19,743.    Filed November 26, 1901.]

FEES AND SALARIES.—*Act of 1895.—Recorder's Fees.—Notice of Mechanic's Lien.—Repeal of Statute by Implication.*—Section 7258 Burns 1901, to the extent of fixing the fee of twenty-five cents for recording notice of mechanic's lien is by implication repealed by §117 of the fee and salary act of 1895 (Acts 1895, p. 349), providing that the county recorder shall receive certain fees for recording certain designated instruments, and "for entering on entry book, indexing and recording all other instruments, ten cents per hundred words, but no charge to be less than fifty cents."

From Vigo Superior Court; *S. C. Stimson,* Judge.

Mandamus by State, on relation of Winfield S. Phillips, recorder of Vigo county, to compel the latter to record notice of mechanic's lien for twenty-five cents. From a judgment for defendant, relator appeals. *Affirmed.*

*Frank Carmack,* for appellant.

*G. M. Crane, D. V. Miller* and *A. L. Miller,* for appellee.

JORDAN, C. J.—The State on the relation of Winfield S. Lyons filed a verified petition in the lower court for a mandamus to compel the appellee, as recorder of Vigo county, to receive from relator and record for him in the recorder's office of that county a certain written notice to John A. McDaniels and others, wherein the relator declared his intention to hold a mechanic's lien upon certain property therein described. The petition, among other things, alleged "that

on the 21st day of August, 1901, the relator presented said notice to Phillips as such recorder at the recorder's office, in the city of Terre Haute, in Vigo county and State of Indiana, during office hours, and then and there tendered to said Phillips as such recorder twenty-five cents of the lawful money of the United States as a fee for filing and recording said notice, and at the time requested said Phillips as such recorder to file said notice and to record it in the proper records of said office. That said Phillips as such recorder then and there refused to file and record said notice as required by law, and refused to receive said twenty-five cents as a fee for filing and recording said notice, and still refuses to receive and file and record said notice, or to receive said fee, but demands of relator the sum of fifty cents for filing and recording the same." A demurrer for insufficiency of facts was sustained to the petition, and judgment was rendered against relator for costs.

The sole question presented for determination in this appeal is, was appellee, as recorder of said county, authorized by law to demand or exact of the relator the sum of fifty cents as a fee for recording the notice in question? The solution of this question depends upon the construction of §117 of the fee and salary statute approved March 11, 1895, Acts 1895, p. 319, §6523 Burns 1901, §7451 Horner 1897, which reads as follows: "The recorders of the various counties in this State shall, on behalf of their respective counties, tax and collect, upon proper books to be kept in their offices for that purpose, the fees and amounts provided for by law on account of services rendered by said recorders. * * * The fees so taxed and collected shall be as follows: For entering in the entry book and recording deeds and mortgages, and the acknowledgments thereto, and indexing the same, if such deed or mortgage do not contain more than 600 words, $1. And if such instrument contains more than 600 words, for each additional 100 words, (four figures counting as one word) ten cents. * * *

For entering on entry book, indexing and recording all other instruments, ten cents per hundred words, but no charge to be less than fifty cents." Section 4 of the mechanic's lien law of 1883, being §7258 Burns 1901, §5296 Horner 1897, is in part as follows: "The recorder shall record the notice, when presented, in the miscellaneous record book, for which he shall receive twenty-five cents."

The theory of appellant's complaint as well as the contention of his counsel is that the provision of the above section which fixes the charge for recording the notice of the mechanic's lien is not repealed by the later provision of §117, *supra*, which as previously shown, provides: "For entering on entry book, indexing and recording *all other instruments, ten cents per hundred words, but no charge to be less than fifty cents.*" (Our italics.)

The legislature after fixing by §117 of the fee and salary act what the recorder shall charge for recording deeds and mortgages and other documents specially mentioned declares in language of no uncertain meaning that the charge for recording "all other instruments" shall be measured at ten cents per hundred words, but that the minimum fee for recording any instrument meant and included within the phrase "all other instruments" shall not be less than fifty cents. Or, in other words, for recording any instrument embraced within the meaning of said phrase "all other instruments", which contained any number of words less than 500, the fee to be exacted by the recorder shall be fifty cents. This clause or phrase of the section in question is broad and comprehensive, and was intended by the legislature to embrace all instruments entitled to be recorded which were not otherwise specifically mentioned in the section. Appellant insists that §118 of the fee and salary act of 1895 has the effect to except notices of mechanic's lien from the operation of the provision in §117, for the reason that such notices are not specifically mentioned therein. If the expressed requirement of said section, that the charge shall not

be less than fifty cents, does not apply to a mechanic's lien notice, because the same is not specifically named, then the provision can have no application to any instrument, as none is specifically mentioned in the particular provision in question. Such a construction would render this provision of the statute meaningless. That a mechanic's lien notice, which is required to be recorded by the statute creating such lien, must be deemed to be an instrument, and one which is included in the phrase "all other instruments" can not, in our opinion, be successfully controverted. The word "instrument", in a legal sense, is defined to be: "A writing, as the means of giving formal expression to some act; a writing expressive of some act, contract, process or proceeding, as a deed, contract, writ," etc. Webster's Int. Dict. "A writing given as the means of creating, securing, modifying, or terminating a right, or affording evidence, as a writing containing the terms of a contract, a deed of conveyance, a grant, a patent, an indenture," etc. Century Dict. "A formal legal writing, e. g., a record, charter, deed or written agreement." Rapalje's Law Dict. "Anything reduced to writing: A 'written instrument', or 'instrument of writing'; more particularly, a document of formal or solemn character." Anderson's Law Dict. "The term 'instrument', in its broadest sense, comprises formal or legal documents in writing, including contracts, deeds, wills, bonds, leases, mortgages," etc. 16 Am. & Eng. Ency. of Law (2nd ed.), p. 824. Abbott in his law dictionary defines the term instrument as "something reduced to writing as a means of evidence." The word instrument is frequently employed in our registry laws, and usually refers to some written document that is entitled to be recorded in a public record. By §8006 Burns 1901, the recorder is required to record all deeds, bonds, etc., and "other instruments of writing delivered to him, which by law he is bound to record."

It has been held by this Court and the Appellate Court that a notice of a mechanic's lien is a written instrument

within the meaning of §365 Burns 1901, §362 Horner 1897, which provides: "When any pleading is founded on a written instrument  *  *  *  the original, or a copy thereof, must be filed with the pleading." *Wasson* v. *Beauchamp,* 11 Ind. 18; *Scott* v. *Goldinghorst,* 123 Ind. 268; *McCarty* v. *Burnet,* 84 Ind. 23; *Davis* v. *McMillan,* 13 Ind. App. 424.

The fee and salary law of 1895 declares that "all laws and parts of laws in conflict with this act are hereby repealed to the extent of such conflict." Section 4 of the mechanic's lien law, §7258 Burns 1901, to the extent of fixing the fee at twenty-five cents, to be paid for recording a mechanic's lien notice, is in direct conflict with the provision of §117 of the fee and salary act, which, as we hold, fixes the fee to be charged by the recorder for recording such notices at not less than fifty cents, and is therefore repealed by the later statute. As the petition discloses that the relator only tendered to appellee, as the recorder, the sum of twenty-five cents for the services which he demanded, it follows, on the conclusion which we have reached, that the appellee rightfully refused to receive and record such notice, and the petition, for this reason, was not sufficient to entitle appellant to a mandamus. It is possibly true, as counsel for appellant contend, that the fee exacted by the law of 1895 for recording a short notice of a mechanic's lien is excessive, but that is a question for the consideration of the legislature. Courts must enforce the laws as enacted.

Judgment affirmed.