[Civil No. 3594. Filed February 3, 1936.]

[54 Pac. (2d) 553.]

CLIFFORD C. MOORE, Appellant, v. DIAMOND DRY GOODS COMPANY, a Corporation, Appellee.

Mr. L. J. Cox, for Appellant.

Messrs. Marks & Marks, for Appellee.

ROSS, J.—The question presented by the appeal is whether the cause of action set out in the complaint is barred by the statutes of limitation. It is alleged therein that defendant, Clifford C. Moore, between January 3, 1919, and April 22, 1921, bought from Diamond Brothers (or "The Boston Store") a co-partnership, to which Diamond Dry Goods Company, a corporation, succeeded, and agreed to pay therefor, goods, wares, and merchandise, of the reasonable value of $841.67; that there is a balance of $454.92 past due and payable and that on January 22, 1928, defendant "in writing acknowledged and promised to pay said account to the plaintiff."

The trial court heard the evidence and rendered judgment in favor of plaintiff for the amount of its claim.

Defendant appeals from the judgment and questions the sufficiency of the written promise relied upon by plaintiff to toll the statute.

The debt was originally orally contracted, and under section 2060, Revised Code 1928, was barred in

three years after the furnishing of the last item of the account. The original cause of action, then, was barred after April 22, 1924.

■ Section 2068, Id., provides that when an action is barred by limitation no acknowledgment of its justness, unless in writing and signed by the party to be charged, made subsequent to the time it became due, shall be admitted in evidence to take the case out of the operation of the law. We take it that the converse of this rule of evidence is that an acknowledgment of the justness of a debt or demand after it becomes due, when signed by the party to be charged, takes the debt or demand out of the operation of the law of limitations.

■■ The writing here relied upon as taking the debt out of the bar is contained in a letter written to plaintiff by defendant at Gustine, California, on January 22, 1928, in answer to a letter from plaintiff to defendant, in which he said, after acknowledging receipt of plaintiff's letter asking for remittance on account:

" . . . sorry to inform you I can not pay this bill I owe the Boston Store at this time. . . . I owe the bill and the first money I have to pay, all or any part, I will see that Diamond Bros. gets it. Hoping I will be able to do something before long," etc.

This letter is a very clear, distinct, and unequivocal acknowledgment, in unambiguous language, of the justness of plaintiff's demand and a promise to pay it, and certainly had the effect of taking it out of the operation of the law of limitations. In other words, it restored to plaintiff the rights it had lost, enabling it to maintain an action thereon. On this new promise the statute commenced to run from the time it was made, for plaintiff could have sued thereon immediately after it was made.

The complaint was filed January 16, 1934, just six days less than six years from the date of the acknowledgment of January 22, 1928. Defendant contends that section 2061, Id., which provides that an action must be commenced and prosecuted within four years after the cause has accrued, and not afterward, "upon an instrument in writing executed without this state," is applicable here. If so, clearly the statute had run before the action was commenced. Plaintiff, on the other hand, argues that the limitation of section 2062, Id., which provides that

"Actions for debt where the indebtedness is evidenced by or founded upon a contract in writing, executed within this state, shall be commenced and prosecuted within six years after the cause of action has accrued," is applicable.

■ As above stated, the action is upon the new promise as contained in the letter of January 22d. Where a debtor, after his debt is barred, agrees to pay it notwithstanding and reduces such agreement to writing, it is such promise that gives the promisee the right to commence and prosecute an action to recover the debt. In other words, his action is upon the new promise, the barred debt being the consideration therefor. This is the rule in most of the states. *Coles* v. *Kelsey,* 2 Tex. 541, 47 Am. Dec. 661; 37 C. J. 1140, § 620.

■ The written acknowledgment is the only competent evidence admissible to take the case out of the operation of the law. Section 2068, *supra.* If the letter of January 22, 1928, is an "instrument in writing," in the sense that phrase is used in section 2061, *supra,* then the limitation of four years would apply. The text-books use the words "instrument," "instrument in writing," and "instrument of writing," interchangeably. Bouvier's Law Dict. (3d Rawle's Revision) defines the word "instrument":

"A document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right; a writing executed and delivered as the evidence of an act or agreement.

"The writing which contains some agreement, and is so called because it has been prepared as a memorial of what has taken place or been agreed upon. It includes bills, bonds, conveyances, leases, mortgages, promissory notes, and wills, but scarcely accounts, *ordinary letters* or memoranda. The agreement and the instrument in which it is contained are very different things—the latter being only evidence of the existence of the former." (Italics ours.)

See, also, Anderson's Dictionary of the Law defining the above word and phrases; 32 C. J. 944, 945, 946, §§ 1, 2, 3; *Patterson* v. *Churchman,* 122 Ind. 379, 22 N. E. 662, 23 N. E. 1082.

It will be noted that the instrument mentioned in section 2061 is one that has been *executed.* Of course we do not think of the writing and signing and mailing of a letter as executing it. Ordinarily such acts are a mere *ex parte* expression of the person writing it, and are not intended to give formal expression to a legal act or agreement, and were not so intended by defendant in his letter. We just do not *execute* letters.

We conclude that the limitation in section 2061, *supra,* of four years, does not apply to the facts in this case.

Nor does it seem the limitation prescribed in section 2062 is the one governing here. The indebtedness is evidenced by a writing, as provided in such section, but it was not "executed within this state." The letter was written and mailed in California. This section does not apply, for the reason that the *signing* of the letter is not synonymous with *executed,* as we have seen, and it was neither written nor mailed within this state, but without the state.

■ Since the limitations prescribed in sections 2061 and 2062 do not apply to the facts as disclosed, we look elsewhere in the statute to see if the legislature has covered the situation. Section 2063 provides:

"Actions other than for the recovery of real property, for which no limitation is otherwise prescribed, shall be brought within four years next after the right to bring the same has accrued, and not afterward."

We think under this section plaintiff's new cause of action was barred at the time it instituted this action, more than four years having elapsed after its accrual.

The judgment is reversed and the case remanded, with directions that the complaint be dismissed.

LOCKWOOD, C. J., and McALISTER, J., concur.