Appellants, as the administratrices with the will annexed of the estate of W.G. Tolleson, appealed from an order of the superior court in probate, directing the payment of an allowed and approved claim of the appellee-claimant. Funds are available for the payment of the claim. The objections raised by the appellants relate entirely to the power or jurisdiction of the representative and judge in approving and allowing the claim. The admitted facts, so far as pertinent, may be stated as follows:
On January 2, 1931 deceased, for value received, executed and delivered his promissory note payable to claimant within three years, and providing for a monthly payment of $40 to apply on principal and interest. On October 7, 1937, the note being overdue, he wrote claimant a letter, from which we paraphrase and quote: The writer points out the difficulty which he has had in securing money which accounts for his delays in writing. Check for $25 was enclosed. Mr. Tolleson then recited his efforts to reduce other obligations, and continues, "I honestly believe *Page 82 
before the winter season, I mean the business season is over about May 1st, I will have him paid this amount in full. This means the brick building as well as my lands, when I will then give you a mortgage on brick — for what I owe you. I am only receiving $50 a month for brick. If I send you $25 a month, will mean less payments to Marshall. This means longer time paying him. During winter months I hope to make some extra money anyway and send you every month a payment." He then asks if the note had been taken out of the bank; calls attention to the fact that he had never been credited with any payments made to the payee, and states that this should be done. Certain items so paid were referred to, and finally concludes, "Just remember `Polly' all my heart is in this work I want to pay you in full before I pass on, and if I don't, you will get the brick building."
Tolleson died testate on October 13, 1940. His son was appointed and qualified as executor. On January 14, 1941 claimant presented her verified claim, based upon the note and letter. The claim was in due course approved and allowed by the executor and judge. The executor died, and on October 17, 1942 his administratrix filed final account and report of his administration of the W.G. Tolleson estate. The claim involved here was set forth as an allowed and acknowledged debt. This account was duly approved by the court. On October 21, 1942 the appellants were appointed as representatives. Both they and the court continued to recognize the claim as valid. The property of the estate was sold for, among other purposes, to pay this claim. Appellants refused to pay the claim so allowed and recognized. Upon claimant's application, the court, on September 26, 1944, ordered payment.
The position of appellants rests upon these two principal propositions: (1) The note upon which the claim was based shows on its face that at the date of the maker's death it was barred by limitations, and the letter of October 7 is insufficient both in form and in fact to remove the bar of the statute, and to establish a new cause; and neither the executor nor judge had jurisdiction to approve it for payment. The allowance, therefore, was without jurisdiction and is void; (2) Although the approval of an account of an executor ordinarily bars a reconsideration of approval of any item, if it appears on the face of the record that the court was without jurisdiction to approve a particular item, the approval of such item may be attacked collaterally.
The questions presented by these propositions are, (1) Was the claim on its face barred by limitations? (2) Are appellants barred, by the action of the probate court in approving the claim and the account, from contesting its validity? Should our answer to the first question be in the negative, the second need not and may not properly be considered. *Page 83 
Claims barred by the statute of limitations cannot be allowed by the administrator, executor or judge. Section 38-1007, A.C.A. 1939. A number of cases, including Estate of Sullivan,51 Ariz. 483. 78 P.2d 132, have been cited by appellants to the effect that the statute deprives the court and representative of jurisdiction to approve a barred claim. At least one authority to the contrary has been cited by appellee. Kohn v. Rupley, 54 Cal.App. 565, 202 P. 163. We think it unnecessary to express an opinion as to this phase. The matter of jurisdiction would be material only in the event the claim on its face was barred by the statute. The superior court, sitting as a probate court, is given the power to approve or reject claims. Of necessity, this includes the power to determine whether a claim is or is not barred by the statute. This is not contested by appellants. Their claim is that the note was obviously barred, and that the letter was insufficient to interrupt the statute, and therefore the claim was barred on its face. Unless the letter of October 7, which was an essential part of the claim, was, as claimed by the appellants, entirely insufficient to remove the bar of the statute, the court would certainly have jurisdiction to determine its effect. We, therefore, proceed to a consideration of the law relating to writings which operate as a removal of the bar of the statute, and the effect of this letter.
It is settled beyond peradventure of a doubt that the bar of the statute of limitations may be removed by a written acknowledgment of the debt, and express or implied promise to pay. Wooster v. Scorse, 16 Ariz. 11, 140 P. 819; Steinfeld v. Marteny, 40 Ariz. 116, 10 P.2d 367; Moore v. Diamond D.G. Co.,47 Ariz. 128, 54 P.2d 553; Masury Son v. Bisbee Lbr. Co., 49 Ariz. 443,68 P.2d 679, 693. The foregoing decisions were considered in connection with the provision of the statute which provides, "When an action is barred by limitation, no acknowledgment of the justness of the claim made subsequent to the time it became due shall be admitted in evidence to take the case out of the operation of the law, unless such acknowledgment be in writing and signed by the party to be charged thereby." Section 29-303, A.C.A. 1939.
The history of this act and the common-law rules pertaining to acknowledgments which toll the statute of limitations were fully considered in the Masury opinion. From the above cases, we find, as stated in the Masury case, "that an acknowledgment to be within the statute must contain, directly or impliedly, an expression by the debtor that a moral obligation rests upon him to pay the original debt."
In the Moore case the court considered the effect of the following writing which it was claimed took the debt out of the bar of the statute: "`* * * sorry to inform you I can not pay this bill I owe the Boston Store at this time. * * * I owe the bill and the first money I have to pay, all *Page 84 
or any part, I will see that Diamond Bros. gets it. Hoping I will be able to do something before long,' etc." and stated, "This letter is a very clear, distinct, and unequivocal acknowledgment, in unambiguous language, of the justness of plaintiff's demand and a promise to pay it, and certainly had the effect of taking it out of the operation of the law of limitations." [47 Ariz. 128,54 P.2d 554.]
In the Steinfeld case, the court quoted with approval from Coles v. Kelsey, 2 Tex. 541, 47 Am.Dec. 661, the following: "`That there must be an acknowledgment of the debt existing, and an expression of a willingness to pay it; both must concur; an acknowledgment of the debt is not sufficient; but there must be an expression of a willingness to pay'", and stated, "It would seem that these two things would have to concur in order to meet the requirement of the statute that the acknowledgment should be `of the justness of the claim'" [40 Ariz. 116, 10 P.2d 370].
In the Wooster case, in determining the sufficiency of the acknowledgment to toll the statute, the court quoted from Concannon v. Smith, 134 Cal. 14, 66 P. 40, 42, wherein it was said [16 Ariz. 11, 140 P. 821]: "`It is sufficient if it shows that the writer regards or treats the indebtedness as subsisting.'"
The rule to be adduced from the former holdings of this court is that a writing will be sufficient to take the case out of or toll the statute if it discloses that the writer treats the indebtedness as subsisting or acknowledges it as an existing debt, and there is an expression of a willingness to pay, and it contains directly or impliedly an expression by the debtor that a moral obligation rests upon him to pay the original debt. If these elements exist, the acknowledgment is sufficient under the law not only as to the justness of the claim but also as a promise to pay the debt.
All these elements appear to exist in the writing under consideration. The debt is treated by the maker of the note as subsisting. It is acknowledged to be existing. There is a decided willingness on the part of the writer to pay, and an expression by the debtor that a moral obligation rests upon him to pay. The term "want to pay you in full" as used evidences both the willingness and the moral obligation to pay. Taking into consideration the context, the term "want" means "to desire, to feel need." Webster's New International Dict.; Southeastern Land Co. v. Clem, 239 Ky. 417, 39 S.W.2d 674. The writer stated definitely that he hoped to make some extra money during the winter months and would make a payment every month. This is a stronger expression than that approved by the court in the Moore case.
The letter complies fully with the established rule. The promise to pay which arises from the elements mentioned is not *Page 85 
limited nor conditioned to pay in anything other than money. The reference to the mortgage or property is not to be construed as a conditional promise. It was evidently intended as an offer of security, and if anything further evidences the moral obligation which rests upon the debtor to pay. This is in no sense such a promise or offer of compromise considered by the court in the Masury case. The rule applied there has no application because here there was no effort on the part of the debtor to substitute one obligation for another, nor to satisfy the obligation through a mortgage or by property, but only to insure payment. This it seems to us clearly appears from a consideration of the whole writing.
We have examined the cases of Coe v. Rosene, 66 Wn. 73,118 P. 881, 38 L.R.A., N.S., 577, Ann.Cas. 1913C, 741, Bates v. Bates,33 Ala. 102, and Mitchell v. Clay, 8 Tex. 443, cited by appellants. The decision in each of these cases was undoubtedly justified by the facts but the acknowledgments involved in those causes were wholly dissimilar to that under consideration. They would appear to have no application.
It is our view that the writing in this case both as a matter of law and fact was sufficient to take the case out of the statute of limitations. It was, therefore, not a claim barred on its face. The executor and the judge had jurisdiction to approve the claim.
The order of the lower court directing payment is affirmed.
STANFORD, C.J., and LaPRADE, J., concurring.