**Kelly CHAMBERS, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. 416.**

Supreme Court of Alaska.

Aug. 8, 1964.

William B. Emmal, Fairbanks, Henry J. Camarot, Springfield, Or., for appellant.

Herbert D. Soll, Dist. Atty., Victor D. Carlson, Stephen S. DeLisio, Asst. Dist. Attys., Fairbanks, for appellee.

Before NESBETT, C. J., AREND, J., and DAVIS, Superior Court Judge.

NESBETT, Chief Justice.

Appellant was convicted on seven counts of a multiple count indictment charging him with uttering and publishing forged deeds and offering forged deeds for recording all in violation of statutes of Alaska.

Appellant's first point on appeal is that as to counts two, five, twelve and fifteen the indictment does not charge a crime because uttering and publishing a deed was not a violation of the law by the terms of the statute under which the state was prosecuting.

Section 65–6–1 ACLA1949 [1] which was in force at the time of the acts complained of in the indictment provided in part:

"(1) That if any person shall, with intent to injure or defraud anyone, falsely make, alter, forge * * * (listing numerous documents) 'deed'

1. Now AS 11.25.010.

\* \* \* (followed by another list of documents by name) \* \* \* (2) or shall, with such intent, knowingly utter or publish as true and genuine any such false, altered, forged, counterfeited, falsely printed, or photographed record, writing, instrument, or matter whatever, such person, upon conviction thereof, shall be punished by imprisonment in the penitentiary not less than two nor more than twenty years." (numbers supplied)

Appellant's position is that although the first portion of the section made it a crime to forge a deed, the second portion did not make it a crime to utter and publish a deed. Appellant argues that the uttering and publishing provision applied only to a "record, writing, instrument or other matter."

The state argues that the second portion of the statute cannot be rationally construed except as intending, through the use of the words "record, writing, instrument, or matter", to include by implication the instruments named in the first portion of the statute.

Appellant argues that the court should consider this point even though no objection was raised at the trial for the reason that if uttering and publishing a forged deed was not a crime, then the error is serious enough to be noticed as plain error under Criminal Rule 47(b).[2]

■ We are of the view that the counts of the indictment under consideration did state a crime. It seems plain enough that the wording "record, writing, instrument, or matter" found in the second section of the statute, refers to and includes the instruments named in the first portion of the statute, which includes a deed. Specifically,

we hold that the word "instrument" as used in 65–6–1 ACLA1949 includes deeds.[3]

Appellant's second point is that the indictment was insufficient in that it did not, in any of the appropriate counts, identify the property involved by definite description. Appellant argues that the effect of this insufficiency is that he could be reindicted for the same transactions and would be unable to plead double jeopardy.

The state points out in its brief that the particular counts of the indictment pertinent to this objection (counts 12, 13, 15 and 16) described the allegedly forged instruments as being deeds, gave the dates, the names of the grantors and grantees and the dates the deeds were presented to the recorder's office and argues that this information plus additional information which went into the record as a result of the trial proceedings so definitely identified the instruments as to preclude the possibility that appellant could ever be retried for the same offense.

■ We see no merit to appellant's argument even though it might be true that other deeds were passed between the same grantors and grantees on the same dates which were also offered for recording on identical dates. Each instrument was described in each count as being a deed to real property, the date of the instrument was given, the names of the grantors and grantees and the dates the deeds were presented to the recorder's office for recording were also stated. In addition the record reflects that as to the particular deeds upon which the state based its case, the originals were obtained from counsel for appellant during the trial and were introduced as defendant's exhibits 23 and 27. After introduction into evidence the property description contained in each deed became a

---

2. Crim.R. 47. Harmless Error and Plain Error.

"(a) Harmless Error. Any error, defect, irregularity or variance which does not affect substantial rights shall be disregarded.

"(b) Plain Error. Plain errors or defects affecting substantial rights may be

noticed although they were not brought to the attention of the court."

3. State ex rel. Lyons v. Phillips, 157 Ind. 481, 62 N.E. 12 (1901), Moore v. Diamond Dry Goods Co., 47 Ariz. 128, 54 P. 2d 553, 554 (1936).

part of the evidence submitted by the state in support of that particular count. These facts effectually eliminate the possibility that any particular deed upon which the state may have relied in prosecuting a given count might later be used as the subject of another indictment to which the plea of double jeopardy would not apply.

Appellant's next point is that the state relied upon identical acts to prove the crime of uttering or publishing a forged instrument and to prove the crime of procuring the recordation or offering forged instruments for recording, and that in reality only one offense was proved. According to appellant's theory the state must choose either to rely on its convictions on counts two, twelve and fifteen, alleging uttering and publishing, or on counts four, thirteen and sixteen, alleging offering for recording, but that it cannot maintain the convictions and sentences on the various counts for both crimes.

Appellant relies on Blockburger v. United States [4] wherein it is stated:

"* * * where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not."

citing Gavieres v. United States.[5] In Gavieres it was held that the offenses of behaving in an indecent manner in a public place open to public view, punishable under municipal ordinance and the offense of insulting a public officer by deed or word in his presence, were not identical, so that a conviction of the first would not bar a prosecution for the other, even though the acts and words of the accused set forth in both charges were the same.

The protection intended by the rule is that of providing the defense of double jeopardy for the defendant. It was held in Gavieres that each offense required proof of a fact which the other did not, consequently a conviction of one offense would not bar a prosecution for the other.

Here the evidence showed that appellant had offered forged deeds for recording. Strictly speaking, standing alone this amount of evidence went beyond that necessary to prove the offense of uttering or publishing as true a forged instrument. It would have been sufficient for the state to have shown that appellant had presented the instruments to a clerk in the recording office representing that they were true instruments, without a request that they be recorded. While this would have proved the crime of uttering and publishing, it would not have been sufficient to prove the crime of knowingly procuring or offering a forged instrument to be filed or recorded.[6] In the instant case the state not only proved the uttering or publishing by showing that the instruments were presented to the recording office with a representation that they were genuine, it proved the additional facts necessary to show that the instruments were offered to be recorded and that recordation was actually procured, therefore the rule of Blockburger is not applicable.

The remainder of the points mentioned in appellant's brief are either not included in his statement of points or are inadequately briefed, or both, and we shall, therefore, not attempt to express an opinion on them.

The judgment below is affirmed.

4. 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, 309 (1932).

5. 220 U.S. 338, 342, 31 S.Ct. 421, 55 L. Ed. 489, 490 (1911).

6. § 65-7-24 ACLA (1949) stated:
"Every person who knowingly procures or offers any false or forged instrument to be filed, registered, or recorded in any public office within the Territory, which instrument, if genuine, might be filed, registered or recorded under any law of this Territory or the United States, is guilty of a felony, and upon conviction, shall be punished by imprisonment in the penitentiary for not more than two years, or by a fine [of?] not more than two thousand dollars, or by both such fine and imprisonment."
Now AS 11.30.270.