546 P.2d 39

**The STATE of Arizona, Appellee,**

v.

**Robert MIXTER, Appellant.**

**No. 2 CA–CR 679.**

Court of Appeals of Arizona,
Division 2.

Feb. 23, 1976.

Rehearing Denied March 17, 1976.
Review Denied April 6, 1976.

Bruce E. Babbitt, Atty. Gen. by William J. Schafer III and Robert S. Golden, Asst. Attys. Gen., Phoenix, for appellee.

Clemans & Quisenberry by James A. Quisenberry, Casa Grande, for appellant.

OPINION

KRUCKER, Judge.

Appellant, Robert Mixter, was charged with and convicted of violating A.R.S. Sec. 13–311 (Supp.1973) by attempting to obtain money with an altered bingo card. He was sentenced to one to three years in the Arizona State Prison and brings this appeal.

Appellant presents three grounds for reversal. Since his contention that the use of an altered bingo card does not constitute a violation of A.R.S. Sec. 13–311 is dispositive, we need not consider the other two.

A brief outline of the facts will suffice. Appellant and his co-defendant, Ernie Madrid, attended a bingo game at the Blessed Sacrament Church in Mammoth, Arizona. Appellant bought six cards for $5.00 and he and Madrid each played three of them. During the play, Madrid shouted "Bingo". While the game operators checked the card, appellant left the room. The card had fresh black ink on it. It was later discovered that appellant had black ink on his hands. The card appeared altered and the game operators refused to make the payoff to either Madrid or appellant. Appellant and Madrid were ultimately arrested.

Some hours after appellant and Madrid had been taken to the police station, the parish priest noticed a lone Cadillac with California plates in the church parking lot. Alongside it he found a brown piece of paper with numbers stamped on it. The police later discovered some pieces of metal type in the car that could have been used to stamp the serial number on appellant's bingo card. Appellant admitted he and Madrid had been driving a Cadillac with California plates.

A.R.S. Sec. 13–311(A) provides as follows:

"A person who, with intent to cheat and defraud, obtains or attempts to obtain from any other person, money, property or valuable thing, by means or by use of any false or bogus check, *or by any other printed, written or engraved instrument,* or spurious coin or metal, is guilty of a felony punishable by imprisonment in the state prison for not less than one nor more than five years."

The pivotal question is whether a bingo card constitutes an "instrument" within the meaning of Sec. 13–311(A). Appellant contends that it does not, and we agree.

In *Moore v. Diamond Dry Goods Co.,* 47 Ariz. 128, 54 P.2d 553 (1936) our Supreme Court was concerned with the applicability of a statutory limitations provision that used the words "instrument in writing". In discussing the meaning of those words, the court stated:

"The text-books use the words 'instrument,' 'instrument in writing,' and 'instrument of writing,' interchangeably. Bouv.Law Dict. (3rd Rawle's Revision) defines the word 'instrument':

'A document or writing which gives formal expression to a legal act or agreement, for the purpose of creating, securing, modifying, or terminating a right; a writing executed and delivered as the evidence of an act or agreement.

'The writing which contains some agreement, and is so called because it has been prepared as a memorial of what has taken place or been agreed upon. It includes bills, bonds, conveyances, leases, mortgages, promissory notes, and wills, but scarcely accounts, *ordinary letters* or memoranda. The agreement and the instrument in which it is contained are very different things—the latter being only evidence of the existence of the former.' (Ital-

ics ours.)" 47 Ariz. at 131–32, 54 P.2d at 554.

We think the quoted language correctly states the ordinary legal definition of the term "instrument", and nothing in A.R.S. Sec. 13–311(A) suggests the legislature intended a different or specialized meaning by using that term as it did.

We hold that a bingo card is not an "instrument". A bingo card does not itself contain or express "a legal act or agreement", and is not "prepared as a memorial of what has taken place or been agreed upon." 47 Ariz. at 132, 54 P.2d at 554. Although the holder of a winning bingo card in a legal bingo game has a contractual right to receive the announced prize, the agreement from which that right flows is embodied in the rules of bingo rather than in the bingo card itself. The bingo card is merely an item of game equipment which, in conjunction with other game equipment, is employed by the bingo players to determine who is entitled to the prize under the rules of the game. The fact that a bingo card is made of paper and has printing on it gives some initial surface appeal to the contention that it is an "instrument". The foregoing analysis shows, however, that a bingo card is no more an "instrument" within A.R.S. Sec. 13–311(A) than is a pair of dice in a crap game. If the legislature had intended Sec. 13–311(A) to extend to all objects of whatever nature on which writing or printing appears, we think it would have so provided. Appellant's conviction under A.R.S. Sec. 13–311(A) cannot stand.

We note that our decision today does not bar future criminal prosecution of others who engage in conduct similar to appellant's. Such prosecutions must, however, be brought under A.R.S. Secs. 13–661(A)(3) (theft by false pretenses) and 13–108 (attempt) rather than under Sec. 13–311(A).

Reversed.

HOWARD, C. J., and HATHAWAY, J., concur.