## UNITED STATES v. WATERS.
### No. 9657.

United States Court of Appeals
District of Columbia Circuit.
Argued June 7, 1948.
Decided Nov. 8, 1948.

Mr. John D. Lane, Assistant United States Attorney, with whom Mr. George Morris Fay, United States Attorney, and Mrs. Grace B. Stiles, Assistant United States Attorney, who entered appearances, were on the brief, for appellant. Mr. Sidney S. Sachs, Assistant United States Attorney, also entered an appearance for appellant.

Mr. Henry Lincoln Johnson, Jr., for appellee.

Before STEPHENS, Chief Justice, and EDGERTON and PROCTOR, Associate Justices.

STEPHENS, Chief Justice.

■ The appellee Samuel F. Waters was indicted in the United States District Court for the District of Columbia under three counts, the first charging assault with a loaded pistol upon one William Sherman, the second assault with intent to kill Sherman, the third that "On or about February 18, 1947, within the District of Columbia, Samuel F. Waters carried a pistol on or about his person." The third count was based upon D.C.Code (Supp. V 1946) § 22—3204 reading as follows:

No person shall within the District of Columbia carry either openly or concealed on or about his person, except in his dwelling house or place of business or on other land possessed by him, a pistol, without a license therefor issued as hereinafter provided, or any deadly or dangerous weapon capable of being so concealed.

Waters was tried before a court and jury. At the close of the Government's case several motions for "judgment of acquittal" were made. The terms of those motions are not in the record, but it appears from colloquy between the trial court and counsel as recorded in the transcript of proceedings that some of the motions were based upon alleged insufficiency of the evidence. It appears from the trial court's "Memorandum Granting Motion for Judgment of Acquittal," which is a part of the record, that one of the motions was directed at the sufficiency of the third count of the indict-

ment. The trial court reserved decision on all of the motions and submitted the case to the jury on all three counts. The jury returned a verdict of not guilty on the first two counts and of guilty on the third. Because of the not guilty verdict the trial court did not rule upon the motions attacking the first two counts. But the trial court in respect of the third count granted the "Motion for Judgment of Acquittal" and the defendant was discharged. The Government appealed to this court. Waters moved to dismiss the appeal upon the ground that there is no right of appeal in the Government from a judgment of acquittal.[1] The Government resists the motion to dismiss the appeal. It contends that the action of the court in granting the "Motion for Judgment of Acquittal" was in reality an arrest of judgment. We think this contention is correct and that the motion to dismiss the appeal must be denied.

Under Rule 29(a), Federal Rules of Criminal Procedure, 18 U.S.C.A., a judgment of acquittal is to be entered "if the evidence is insufficient to sustain a conviction" of the offense charged. Under Rule 34 "The court shall arrest judgment if the indictment . . . does not charge an offense . . .." As stated above the "Motion for Judgment of Acquittal" lodged against the third count of the indictment attacked the sufficiency thereof and it is that motion which was granted. We must be guided in determining the question of appealability of the trial court's action not by the name the court gave it but by what in legal effect it actually was. It actually was an arrest of judgment upon the ground that the indictment did not charge an offense. It follows that the action of the trial court was not non-appealable because it was, as contended by Waters, a "judgment of acquittal."

Since the trial court's action was an arrest of judgment, it remains to consider whether that action was appealable by the Government, and if so to what court.

The Criminal Appeals Act, 18 U.S.C. § 3731 (1948), provides:

An appeal may be taken by and on behalf of the United States from the district courts to a circuit court of appeals or the United States Court of Appeals for the District of Columbia, as the case may be, in all criminal cases, in the following instances:

*        *        *

From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section.

The Act provides also, in prior paragraphs:

An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

*        *        *

From a decision arresting a judgment of conviction for insufficiency of the indictment... where such decision is based upon the invalidity or construction of the statute upon which the indictment...is founded.

It is apparent from the foregoing that the action of the trial court in the instant case was, as "a decision arresting a judgment of conviction" in a criminal case, appealable to this court unless such decision was for insufficiency of the indictment and was "based upon the invalidity or construction of the statute upon which the indictment . . . is founded." In such event the appeal is to be taken direct to the Supreme Court.

The Supreme Court has held that the provision of the Criminal Appeals Act "which limits the Government's appeal [direct to the Supreme Court] to those cases where the decision or judgment of the District Court [arresting a judgment of conviction for insufficiency of the indict-

---

[1] Waters relied upon United States v. Evans, 1907, 30 App.D.C. 58. That case held that where a verdict of not guilty had been returned the Government had no right of appeal under D.C.Code (1901) § 935; 31 Stat. 1341 (1901) (now D.C. Code (1940) § 23—105), providing: "In all criminal prosecutions the United States or the District of Columbia, as the case may be, shall have the same right of appeal that is given to the defendant, including the right to a bill of exceptions: *Provided*, That if on such appeal it shall be found that there was error in the rulings of the court during the trial, a verdict in favor of the defendant shall not be set aside."

342

ment] is *'based'* upon the invalidity or construction of the statute, should be taken to refer to cases where that determination, and not a *wholly independent* ground, is the foundation of the judgment. If the judgment is independently based, and in that respect is not open to correction or reversal, we are of the opinion that this Court should not entertain the Government's appeal. . . ." (Italics supplied) United States v. Hastings, 1935, 296 U.S. 188, 194, 56 S.Ct. 218, 80 L.Ed. 148. United States v. Wayne Pump Co., 1942, 317 U.S. 200, 63 S.Ct. 191, 87 L.Ed. 184; United States v. Borden Co., 1939, 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181.

In its "Memorandum Granting Motion for Judgment of Acquittal" the trial court said:

Defendant contends he was improperly convicted because the prosecution failed to allege in the indictment and affirmatively prove that he did not have a license to carry a pistol.

Where a statute defining an offense contains an exception which is so incorporated with the language defining the offense that the ingredients of the offense cannot be accurately described if the exception is omitted, the indictment must allege facts showing that the accused is not within the exception. *United States* v. *Cook* [17 Wall. 168] 84 U.S. 168, 21 [L.Ed.] 538.

The crime of which defendant was convicted is not carrying a pistol, as charged in the indictment, but is carrying a pistol without a license. This is indicated not only by the section defining the offense, but also by the next succeeding section of the Code, which sets forth specifically and in detail those not required to be licensed. In cases of this character decided by State Courts it has been held that the indictment or information must allege the lack of a license. See *People* v. *Grass* [79 Misc. 457] 141 N.Y.S. 204; *People* v. *Ross*, 60 Cal.App. 163 [212 P. 627].

The crime of carrying a pistol without a license is comparable to the offense of driving an automobile without a license, where the prosecution uniformly charges and proves not only the driving of the automobile, but that defendant at the time did not have a license to drive. Another comparable crime is that of selling narcotics without obtaining a written order filled out on a form issued by the Commissioner of Internal Revenue, where indictments customarily allege that the written order was not obtained by the seller of narcotics. The only decided case on the subject I have been able to find has held such allegation is necessary. *United States* v. *Leach* [D.C.] 291 F. 788.

The reasons for requiring all elements of an offense to be charged and proved by the prosecution are well known. First, one should not be called upon to stand trial on charges which do not constitute a crime. Second, the defendant should be fully advised of the facts he is required to meet and be in a position to plead former jeopardy by reference to the pleadings in the event the same offense should be charged against him at a later time. Third, the burden rests on the prosecution to establish evidence of guilt of each element of an offense. There are exceptions made in cases where the fact to be proved is one peculiarly within the knowledge of the defendant and in cases where a number of officials have the right to issue a license. These exceptions do not apply to the present case. All licenses to carry pistols in the District of Columbia are issued by the Major and Superintendent of Police and of course his records of licenses are readily available to the prosecution.

For the reasons stated, the Court is constrained to grant the motion for judgment of acquittal.

We think it obvious from this "Memorandum" that the trial court's decision arresting judgment for insufficiency of the indictment was based upon construction of the statute, D.C.Code (Supp. V 1946) § 22—3204. The view of the Government in drafting the indictment obviously was (and is on this appeal) that the gist of the offense under the wording of the statute was the carrying by a person within the District of Columbia of a pistol on or about his person and that this therefore was all that the Government had to allege in the indictment—that it need not allege non-possession of a license; that it was the intention of Congress under the statute that possession of a license was a matter of justification to be alleged and proved by defendant. To the contrary Waters contended below (and contends on this appeal) that Congress under the wording of the statute intended to include within the gist of the offense both the carrying of a pistol and the non-possession of a license and that hence both such elements must be alleged in the indictment, and that for lack of an allegation of the non-possession of a license the indictment was insufficient. The trial court held that under the statute as phrased the mere carrying of a pistol was not a criminal act—was not within the reach of the statute—that the criminal act denounced embraced the two

elements of (1) carrying a pistol (2) without a license, and that hence both must be alleged. Clearly the trial court was determining the statute's meaning and basing thereon its decision as to the insufficiency of the indictment. It is equally clear that (in the words of the Supreme Court in United States v. Hastings, supra) "that determination, and not a wholly independent ground" was "the foundation of the judgment." The trial court's discussion of the sufficiency of the indictment is not in terms of duplicity or indefiniteness or of any other ground relating to its validity as a pleading as such, i. e., not in terms of some ground wholly independent of the construction of the statute. The court held the indictment insufficient because it failed to allege a fact—non-possession of a license—which under the statute according to the court's view of its meaning was a necessary element of the crime denounced by Congress. The trial court did exactly what the Supreme Court referred to in United States v. Wayne Pump Co., supra:

...Where a court interprets a criminal statute so as to exclude certain acts and transactions from its reach, it would of necessity also hold, expressly or impliedly, as the Government suggests, that the indictment, considered merely as a pleading, was defective. Yet, the essence of the ruling would be based upon a construction of the statute. . . . [317 U.S. at 206–7, 63 S.Ct. at 195]

It follows from the foregoing that the Government should have appealed this case direct to the Supreme Court and that therefore we must certify the case to that Court as required by the following further provision of the Criminal Appeals Act:

If an appeal shall be taken pursuant to this section to any circuit court of appeals or to the United States Court of Appeals for the District of Columbia, which, in the opinion of such court, should have been taken directly to the Supreme Court of the United States, such court shall certify the case to the Supreme Court of the United States, which shall thereupon have jurisdiction to hear and determine the cause to the same extent as if an appeal had been taken directly to that Court.

Cf. United States v. Hoffman, 1947, 82 U.S. App.D.C. 153, 161 F.2d 881.

Case certified to the Supreme Court of the United States.