Aaron Guy SELMAN, Appellant,

v.

STATE of Alaska, Appellee.

STATE of Alaska, Appellant,

v.

Aaron Guy SELMAN, Appellee.

Nos. 527, 541.

Supreme Court of Alaska.

Oct. 4, 1965.

Count II. Larceny of electricity in violation of AS 11.20.140;

Count III. Larceny of natural gas in violation of AS 11.20.140; .

Count IV. Receiving and concealing a stolen camera in violation of AS 11.20.-350; and

Count V. Making and delivering a check with insufficient funds in violation of AS 11.20.220.

After all witnesses had been heard, but before final argument, the court granted what it described as a judgment of acquittal of Counts II and V. The jury then found Selman guilty of Counts I and III and not guilty of Count IV.

Selman's court-appointed counsel contends on appeal that the trial court erred in permitting the issue of larceny of natural gas to go to the jury; in denying defendant's motion to sever the count charging receiving stolen property from the other four counts and in denying defendant's motion for judgment of acquittal of Count I charging the diverting of electric current.

The State has cross-appealed and contends that the trial court erred in dismissing Count II, charging larceny of electricity; that the State was improperly denied the right to elect on which of the counts charging diverting electric current and grand larceny of electric current it desired to proceed; that the trial court erred in dismissing Count V on the ground that the postdated check was not a check within the meaning of Alaska's statute and that the State was improperly denied the right to amend Count V of the indictment to substitute the word "draft" for "check"..

Appellant Selman's first point is that Count III of the indictment, charging theft of natural gas in violation of AS 11.20.140,[1] does not state a crime since the only

G. F. Boney, Burr, Boney & Pease, Anchorage, for appellant and cross-appellee Selman.

Warren C Colver, Atty. Gen., Juneau, Dorothy Awes Haaland, Asst. Atty. Gen., Joseph L. Young, Asst. Dist. Atty., Anchorage, for appellant and cross-appellee State of Alaska.

NESBETT, Chief Justice.

The appellant Selman was indicted in five separate counts for:

Count I. Diverting electric current in violation of AS 42.20.030(7);

1. AS 11.20.140 states in pertinent part: *Larceny of money or property.* A person who steals money, goods, or chattels * * * or other thing in action * * * which is the property of another, is guilty of larceny. * * *

applicable provision of the general larceny statute applies to " * * * money, goods or chattels * * *" which are tangible items and that this wording does not include an intangible item such as natural gas.

People v. Menagas [2] is relied upon as establishing that an intangible such as electricity could not be the subject of larceny at common law and therefore cannot be considered to be included within the concept of "goods and chattels" in our larceny statute. We consider the holding in Menagas that electricity was covered by a larceny statute which included "other personal property" as persuasive but we regard the statement that electrical energy could not be the subject of larceny at common law as being dictum and unsupported by authority. State v. Tauscher [3] is also cited by Selman, but in that case the court was discussing bank credits and checks when it stated that only property tangible and capable of being possessed could be the subject of larceny under an Oregon statute considerably different from ours.

Better authority appears to be Woods v. People [4] where the facts were almost identical with those before us. A section of the Criminal Code made it a crime to tamper with or make false connections to gas mains, but defendant was nevertheless charged with larceny of gas accomplished by using secret connections to bypass the meter. The court stated, "The law is well settled that gas used for illuminating and heating purposes may be the subject of

larceny" and quoted from the early case of Commonwealth v. Shaw [5] as follows:

> There is nothing in the nature of gas used for illuminating purposes which renders it incapable of being feloniously taken and carried away. It is a valuable article of merchandise, bought and sold like other personal property, susceptible of being severed from a mass or larger quantity and of being transported from place to place.

■ In line with those authorities we hold that natural gas is not intangible but has substance, is capable of being possessed and is included within the meaning of the word "goods" in our larceny statute.

Appellant Selman's next point is that his defense was prejudiced by the trial court's error in denying his motion to sever Count IV from the other counts of the indictment. Count IV charged the receiving and concealing of a stolen camera while the remaining counts charged the wrongful diversion and theft of electric current, the theft of natural gas and drawing a check with insufficient funds.

The motion to sever was not made until after the jury had been empaneled and sworn and was denied on the ground that it was not timely.

Selman argues that joinder of the counts was improper under Criminal Rule 8(a) which permits joinder only where the offenses charged are of the same or similar character or are based on the same act or transaction.[6] He contends that he should have been granted relief under Criminal Rule 14 which permits the trial

---

2. 367 Ill. 330, 11 N.E.2d 403, 406 (1937), 113 A.L.R. 1276, 1280 (1938).

3. 227 Ore. 1, 360 P.2d 764, 88 A.L.R.2d 674 (1961).

4. 222 Ill. 293, 78 N.E. 607, 7 L.R.A.,N.S., 520 (1906).

5. 4 Allen (Mass.) 308, 81 Am.Dec. 706 (1862). Also cited were State v. Wellman, 34 Minn. 221, 25 N.W. 395 (1885) and Regina v. White, 6 Cox C.C. 213.

6. Crim.R. 8(a) states:
   (a) Joinder of Offenses. Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies, misdemeanors or both, are of the same or similar character or are based on the same act or transaction or on two or more acts or transactions connected together or constituting parts of a common scheme or plan.

court to order an election or separate trial of counts where a defendant is prejudiced by the joinder.[7]

The State argues that under Criminal Rule 12(b) (2) and (3) the motion to sever must have been made before trial; that since it was not made until after the jury had been selected and sworn no error was committed and that in any event Selman was not prejudiced by the joinder.

We agree with the State. Criminal Rule 12(b) (2) requires that a request for severance be made by motion before trial and that failure to so present the motion amounts to waiver, although the court may for cause shown grant relief from the waiver.[8]

■■ Since the motion was not made until after the jury had been selected and sworn and was based solely on the ground that the crimes charged were not similar in character, sufficient cause to require the court to grant relief from the waiver was not shown, nor was any showing of prejudicial joinder presented.[9]

Appellant Selman's last point is that the evidence was not sufficient to support the conviction of wrongfully diverting electric current.

The State established by the testimony of several witnesses that electricity was supplied to the appellant Aaron Guy Selman at the premises located at 2707 31st Avenue, Spenard; that there was only one meter on the premises; that the electric meter was disconnected on May 8, 1962, at which time the account was delinquent in the sum of $148.00; that the meter remained disconnected until May of 1963; that during the period July 1962 to July of 1963 Selman nevertheless had and used electric current on the premises in question; and that an inspection of the premises by electrical inspectors revealed that bypass wires had been connected to the electric lines ahead of the meter and reconnected to residence branch circuits in the basement.

■ Appellant Selman relies upon Davis v. State,[10] in which we held that where the evidence is all circumstantial it must be of sufficient weight to exclude every reasonable hypothesis except that of guilt. However, we also held in that case that where the sufficiency of the evidence is challenged, this court may consider only those facts favorable to the State along with such reasonable inferences as the jury may have drawn from them.[11]

We believe that the evidence in this case does not leave room for any reasonable inference except that of guilt. As the

7. Crim.R. 14 states:
   If it appears that a defendant or the state is prejudiced by a joinder of offenses or of defendants in an indictment or information or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendants, or provide whatever other relief justice requires.

8. Crim.R. 12(b) (2) states:
   (2) *Defenses and Objections Which Must Be Raised.* Defenses and objections based on defects in the institution of the prosecution or in the indictment or information other than that it fails to show jurisdiction in the court or to charge an offense may be raised only by motion before trial. The motion shall include all such defenses and objections then available to the defendant. Failure to present any such defense or objections constitutes a waiver thereof, but the court for cause shown may grant relief from the waiver. Lack of jurisdiction or the failure of the indictment or information to charge an offense shall be noticed by the court at any time during the pendency of the proceeding.
   Crim.R. 12(b) (3) requires that the motion be made before the plea is entered, but the court may permit it to be made within a reasonable time thereafter.

9. See Hanf v. United States, 235 F.2d 710, 715 (8th Cir.), cert. denied, 352 U.S. 880, 77 S.Ct. 102, 1 L.Ed.2d 81 (1956) and United States v. Trilling, 156 F.Supp. 462, 466 (D.D.C.1957).

10. 369 P.2d 879, 883 (Alaska 1962).

11. Note 10, supra, at 881; see also Hobbs v. State, 363 P.2d 357 (Alaska 1961).

State aptly points out, Selman had to know that his electric service had been disconnected for nonpayment. It is not reasonable to assume that any other person would have had a motive to divert the current around the disconnected meter. Selman was the only person who had the knowledge that his residence was without electric current after May 8, 1962, and who would have had the motive to divert the current around the meter. It was undisputed that he had electric current at least from July, of 1962 until July of 1963 without paying for the service.

We find the evidence sufficient to support the jury's verdict of guilty.

Next to be considered are the points raised by the State on its cross-appeal, the first of which is that the court erred in dismissing Count II of the indictment which charged the theft of electric current of the approximate value of one hundred twenty dollars in violation of AS 11.20.140.[12]

Selman argues that the trial court did not dismiss Count II, but instead granted a judgment of acquittal which forecloses the right of the state to appeal under AS 22.-05.010 which provides that the state shall have no right of appeal in criminal cases, except to test the sufficiency of the indictment.

The facts are that after the jury had been sworn and the state had presented its case, counsel for Selman stated:

Mr. Nosek: Your Honor, on behalf of the defendant I, at this time, move for the entry of a *judgment of acquittal* * * * as to each one of the counts in the indictment. (Emphasis supplied.)

The evidence, including that pertaining to Count II, was argued by counsel for both sides. In ruling on the motion the court stated:

As to Count II of the indictment, the Court feels that this is a duplication of the words of the indictment—or the crime or misdemeanor charged in Count I, and the Court is going to grant the defendant's *motion for judgment of acquittal* to Count II of the indictment. (Emphasis supplied.)

After the jury had returned its verdict and had been excused, counsel for the state addressed the court in part as follows:

* * * on the dismissal of two felony counts that we have had here in this case, count II is—and I'm asking this solely for the purpose of the record, I want to make sure that I have it correct, Count II, the felony count involving the theft—the felony theft of grand larceny from—of electricity from the electrical line was *dismissed* by the Court on the grounds that another misdemeanor count was brought against this defendant, and that, as I understand it, that that was the basis for dismissing Count II. (Emphasis supplied.)

The court replied:

Yes. I feel that both counts charged the defendant with using electricity which—and I took the smaller count which was a misdemeanor.

Counsel for Selman clearly stated that his motion was for a judgment of acquittal and proceeded to argue the sufficiency of the evidence. This was standard procedure under Criminal Rule 29 which permits the court to enter a judgment of acquittal if the evidence presented is insufficient to sustain a conviction of any offense charged in the indictment.[13] How-

---

12. See note 1, supra.

13. Crim.R. 29(a) states:
    (a) *Motions for Judgment of Acquittal*. Motions for directed verdict shall not be used and motions for judgment of acquittal shall be used in their place. The Court, on motion of a defendant or of its own motion, shall order the entry of judgment of acquittal of one or more offenses charged in the indictment or information after the evidence on either side is closed, if the evidence is insufficient to sustain a conviction of such offense or offenses. If a defendant's motion for judgment

ever, in ruling on the motion, it is plain enough from the language of the judge that he was not granting a judgment of acquittal because he had considered the evidence presented in support of Count II and had found it insufficient. He was granting the motion because, in his opinion, Count II was a duplication of Count I which charged the crime of wrongful diversion of electricity.[14] In view of the court's unequivocal statement,[15] we shall consider its action as the equivalent of the granting of a motion to dismiss pursuant to Criminal Rule 12(b) (2).[16]

Since the dismissal was based upon what the court considered to be a defect in Count II of the indictment, it follows that the state does have the right to appeal to test its sufficiency.[17]

Selman argues that the right of the state to appeal the court's action as to Count II is foreclosed for the additional reason that the effect of a successful appeal would be

to place him in jeopardy a second time for the same offense in violation of his constitutional rights.

We must hold this argument to be without merit. The authorities are well settled that a defendant is considered to have been placed in jeopardy as soon as he has gone to trial and the jury sworn. If the jury is discharged without his consent he cannot be tried again. If the jury is discharged with his consent, he may be tried again.[18] Here the motion for judgment of acquittal was made by Selman. Although the court did not grant the motion for judgment of acquittal, it did with Selman's consent, and as a result of his initiative, treat the motion as one to dismiss for a defect in the indictment. The ultimate result of Selman's motion was to remove Count II from the consideration of the jury.

The facts here are very similar to those in United States v. McNeil [19] where the

---

of acquittal at the close of the state's case is not granted, the defendant may offer evidence without having reserved the right.

14. At the time stated in the indictment, AS 42.20.030(7) provided in part that a person was guilty of a misdemeanor who:
(7) without the authority of the owner diverts, uses, or appropriates a message or current or taps a wire or line used for the transmission of messages, current or power, or procures or advises this to be done.
NOTE: This subsection was amended by SLA 1964, Ch. 39 to include the unlawful appropriation of gas.

15. The interpretation which we place on the court's statement is that it believed the court charging larceny of current fell short of its purpose and merely duplicated Count I, which charged unlawful diversion of current. We are aware that the court, in its rather lengthy statement explaining its ruling, also said:
* * * you've noticed that I choose not to get into the fact of whether or not the Count II is a legal count under the larceny statute. I'm avoiding that because I believe it's a duplication of Count I. * * *
We admit that we are unable to reconcile this statement with the court's repeated statement that a duplication existed.

16. Quoted supra, note 8. See United States v. Waters, 84 U.S.App.D.C. 127, 175 F.2d 340, where at page 341, (1948) the court stated:
We must be guided in determining the question of appealability of the trial court's action not by the name the court gave it but by what in legal effect it actually was.

17. State v. Shelton, 368 P.2d 817, 820 (Alaska 1962).

18. Green v. United States, 355 U.S. 184, 188, 78 S.Ct. 221, 2 L.Ed.2d 199, 204 (1957) citing Wade v. Hunter, 336 U.S. 684, 69 S.Ct. 834, 93 L.Ed. 974 and Kepner v. United States, 195 U.S. 100, 128, 24 S.Ct. 797, 49 L.Ed. 114. However, note the exceptions to this general rule mentioned in Green v. United States at 355 U.S. 188, 78 S.Ct. 224, 2 L.Ed.2d 205, where the court states:
At the same time jeopardy is not regarded as having come to an end so as to bar a second trial in those cases where "unforeseeable circumstances * * * arise during [the first] trial making its completion impossible, such as the failure of a jury to agree on a verdict."

19. 91 A.2d 849, 850 (D.C.Munic.Ct.App., 1952).

ruling of the court was on what should have been a motion made preliminary to trial although actually made after trial commenced. The court stated:

> When a defendant creates the situation whereby he is removed from jeopardy he thereby waives his right to plead former jeopardy at another trial of the case.[20]

We must next decide whether Count II was a duplication of Count I.

■ We hold that it was not. Count II charged larceny of electricity.[21] It is well settled that electricity can be the subject of larceny. We are in accord with the views expressed in People v. Menagas[22] where, after an exhaustive and scholarly consideration of the subject, it was held that electrical energy was capable of being transported from place to place, and of being taken and carried away; that it was a valuable commodity which was regularly bought and sold like other personal property and that it could be the subject of larceny. As in the case of natural gas, we hold that electricity is included within the meaning of the word "goods" in our larceny statute.[23]

Count I clearly charged the unlawful diversion and use of electric current by tapping a transmission line in violation of AS 42.20.030(7).[24]

The two counts charged entirely separate offenses. In Chambers v. State[25]

this court adopted the rule of Blockburger v. United States[26] for determining whether there are two offenses or one, as follows:

> * * * where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.

■ Applying this rule to the facts before us we find that under Count II, charging larceny, the state would have been obligated to prove a taking of electric current with the intent to permanently deprive the owner thereof. Proof of the element of intent was not necessary under Count I. Proof of any unauthorized diversion, use, appropriation or a mere tapping of the transmission line without the taking of any current would complete proof of the offense charged in Count I.

Since proof of Count II required proof of the additional element of intent, it was not a duplication of the charge contained in Count I under the rule of Blockburger, therefore it was error for the court to so hold.

The next point to be considered is the State's contention that the trial court erred in dismissing Count V of the indictment which charged Selman with unlawfully making and delivering a check without suf-

20. Citing Pratt v. United States, 70 App. D.C. 7, 102 F.2d 275, Barrett v. Bigger, 57 App.D.C. 81, 17 F.2d 669 cert. denied, 274 U.S. 752, 47 S.Ct. 765, 71 L.Ed. 1333 (1927) and others. See also Crim.R. 12(b) (5).

21. Count II in pertinent part charged that Selman:
> * * * unlawfully, and feloniously did take, steal and carry away from an electric line * * * electric power of the approximate value of one hundred twenty dollars ($120.00) * * * with the intent to permanently deprive the Chugach Electric Association of the use of said power. * * *

22. Note 2, supra.

23. AS 11.20.140 is quoted in note 1, supra.

24. AS 42.20.030(7) quoted in pertinent part in note 14, supra. Count I, in pertinent part, stated:
> That during the period * * * (giving dates) SELMAN, without the authorization of the owner Chugach Electric Association, unlawfully and knowingly, did divert, use and appropriate electric current by tapping a line used for the transmission of electric current located at * * * in violation of. * * *

25. 394 P.2d 778 (Alaska 1964), cert. denied, 379 U.S. 971, 85 S.Ct. 669, 13 L.Ed.2d 563 (1965).

26. 284 U.S. 299, 304, 52 S.Ct. 180, 76 L.Ed. 306, 309 (1932).

ficient funds or credit with the bank in violation of AS 11.20.230.

Selman again urges that the State has no right of appeal because the trial court entered a judgment of acquittal as to Count V rather than a dismissal for insufficiency.

The facts are that after the State had presented its evidence, counsel for Selman moved for a judgment of acquittal. The evidence produced bearing on Count V was then argued and the motion was taken under advisement. The court later denied the motion, stating that in its view the evidence presented was sufficient to warrant submitting the charge to the jury "on one line of authorities". Still later and just before submitting the case to the jury, the court announced that:

> * * * due to further studies on the problems involved, the Court of its own motion is going to make a judgment of acquittal for Count V, which is the reversal of a stand that I took earlier.

The court went on to explain that its understanding of the evidence that had been introduced during trial had been incorrect at the time it had originally denied the motion for acquittal and that it had discovered a new line of authorities with respect to the applicable law.

After the trial had been completed the district attorney, as he had done with respect to Count II, asked the court for clarification of its previous action and referred to the court's action as " * * * the dismissal of Count V. * * * " The court acquiesced in counsel's description of the action taken, but did not itself use the term "dismissal" in referring to its previous action, as it had done with respect to Count II.

▪ Regardless of the phraseology that may have been employed, we believe that what the court did, in essence, was to reconsider, on its own initiative, the motion for judgment of acquittal initially made by Selman.[27] In the light of what it believed to be a more accurate knowledge of the evidence and the law, the court reversed its prior ruling and granted judgment of acquittal and removed the count from the consideration of the jury.

Under these facts, the action taken by the court was final and could not be appealed by the State by reason of the restriction of AS 22.10.020 which prohibits an appeal in a criminal case except to test the sufficiency of an indictment or information.

The State urges that, regardless of the phraseology employed, what the court actually did was to dismiss Count V for insufficiency.

We are not able to adopt this interpretation of the court's action. It is true that the only evidence which the court mentioned at the time it granted judgment of acquittal was that which was already before it and on the face of the postdated check, that is, the words "postdated". From this it might be argued that the action of the court was in essence a dismissal for insufficiency of the count in alleging the document to be a check instead of a draft. The objection to so considering the court's action is that the court refers to the "oral evidence" concerning the postdated check, its discovery of a new line of cases with respect to the governing law and for the second time in its ruling describes its action as a "judgment of acquittal". Under these facts we do not feel inclined to consider the court's action as anything other than an application of Criminal Rule 29(a) to the case. We are unable to say how much or how little, or which evidence the court relied on in granting the motion. The point is that the court did weigh the evidence in the light of what it had finally determined to be the governing law and granted acquittal. Right or wrong, the action of the court, under these facts, is final as far as the State is concerned and it has no right of appeal.

In view of the above holding we shall not pass upon the State's contentions concerning the right of election and its right to amend Count V.

27. United States v. Waters, 84 U.S.App.D.C. 127, 175 F.2d 340 (1948).

The judgment below based upon Selman's conviction on Counts I and III of the indictment is affirmed. The trial court's order dismissing Count II of the indictment is set aside and that count is reinstated.