OKLAHOMA AERONAUTICS COMMISSION — CONTRIBUTION OF APPROPRIATED FUNDS — AIRPORT CONSTRUCTION FOR PUBLIC USE Funds appropriated by the Legislature to the Aeronautics Commission may be lawfully given or contributed to incorporated cities or towns for acquisition of land in order to construct an airport for use by the public. The Attorney General has considered your opinion request in which you ask the following question: "May funds appropriated by the Legislature to the Aeronautics Commission be lawfully given or contributed to a city or town for acquisition of land and construction of an airport?" Article X, Section 15 of the Oklahoma Constitution, provides as follows: "The credit of the State shall not be given, pledged, or loaned to any individual, company, corporation, or association, municipality, or political subdivision of the State; nor shall the State become an owner or stockholder in, nor make donation by gift, subscription to stock, by tax, or otherwise, to any company, association, or corporation." A "gift" as used in the above-referred to provision of the Constitution has been defined by case law as meaning a gratuitous transfer of the property of the state voluntarily and without consideration. The word "gift" also connotates an appropriation for which there is no enforceable claim. See Sublett v. City of Tulsa, 406 P.2d 185 (1965). Title 3 O.S. 85 [3-85](g)(2) (1971), defines the powers and duties of the Oklahoma Aeronautics Commission. "The Commission may render financial assistance by grant or loan or both to any municipality or municipalities acting jointly in the planning, acquisition, construction, improvement, maintenance, or operation of an airport owned or controlled, or to be owned or controlled, by such municipality or municipalities, out of appropriations or other moneys made available by the legislature for such purposes. . . ." In 3 O.S. 82 [3-82](1) (1971), municipality is defined as: ". . . Any incorporated city, village, or town of this state and any county or political subdivision or district in this state which is, or may be, authorized by law to acquire, establish, construct, maintain, improve, and operate airports, airstrips, and aeronautical navigation facilities." It is evident from a reading of the above-referred to statutes that the Oklahoma Aeronautics Commission was created and given the specific authority to assist, through the disbursal of grants or loans, any municipality or municipalities for the purpose of planning, acquiring, constructing, improving, maintaining, or operating an airport owned or controlled, or to be owned or controlled by such municipality or municipalities. Municipalities, in this instance, are defined as incorporated cities and towns. It is further evident that the Commission was to fund such projects out of appropriation or other monies made available by the Legislature for such purposes. In answering your question, we do not reach the issue of whether or not the state or any legislatively created commission may make a donation by gift to a city or town. Your question indicates that funds were appropriated for acquisition of land in order to construct an airport. In the fact situation you have presented, a gift was not made since the Aeronautics Commission received consideration in return for the funds expended. Consideration was received in the form of the availability of land for construction of an airport, presumably to be used for both public and governmental functions as delineated in 3 O.S. 86 [3-86] (1971). Since funds were disbursed by the Aeronautics Commission for the acquisition of land in order to construct an airport, such expenditure was authorized by statute, and such a disbursement was not in the nature of a gift since consideration was received. It is, therefore, the opinion of the Attorney General that your question be answered in the affirmative. Funds appropriated by the Legislature to the Aeronautics Commission may be lawfully given or contributed to incorporated cities or towns for acquisition of land in order to construct an airport for use by the public. (AMALIJA J. HODGINS) (ksg)