COMMONWEALTH vs. PAULA CATALANO.

No. 08-P-1340.

Norfolk. April 3, 2009. - July 1, 2009.

Present: Grasso, Smith, & Trainor, JJ.

*Practice, Criminal,* Required finding. *False Impersonation & Identity Fraud. Larceny. Electricity. Gas Company. Words,* "Property."

At the District Court trial of a criminal complaint charging two counts of identity fraud, the judge did not err in denying the defendant's motion for required findings of not guilty, brought on the ground that the Commonwealth had failed to prove that the defendant had acted without the express authorization of her nephew in opening an account under his name, where the judge reasonably could have inferred from the circumstantial evidence presented (particularly, the nephew's age at the time the account was opened, his status as a student, and his subsequent report to police) that the nephew had never authorized the use of his personal information. [581-583]

At the District Court trial of a criminal complaint charging two counts of larceny over $250, the judge did not err in denying the defendant's motion for required findings of not guilty, brought on the ground that the Commonwealth failed to prove that the defendant intended to steal from a utility company when opening an account under another person's name, where, given evidence of the termination of at least six accounts for failure to pay, amounting to several thousands of dollars of outstanding debt, a reasonable trier of fact could have concluded that the defendant never intended to repay the outstanding debt accumulated on the account, despite making a few small payments. [583]

There was no merit to the argument of a criminal defendant convicted of larceny that electricity and gas sold by a utility company did not constitute "property" as defined by G. L. c. 266, § 30(2). [583-585]

COMPLAINT received and sworn to in the Dedham Division of the District Court Court Department on December 11, 2007.

The case was heard by *Michael J. Pomarole*, J.

*Amy M. Belger* for the defendant.

*Alexei Tymoczko*, Assistant District Attorney, for the Commonwealth.

Sᴍɪᴛʜ, J. Following a jury-waived trial in the District court, the defendant, Paula Catalano, was convicted of two counts of larceny over $250, in violation of G. L. c. 266, § 30(1), and two counts of identity fraud, in violation of G. L. c. 266, § 37E. On appeal, she claims that the judge improperly denied her motion for required findings of not guilty, and that electricity and gas do not constitute "property" within the meaning of G. L. c. 266, § 30(2). We affirm.

1. *Background.* The fact finder reasonably could have found the following facts. During the relevant time period, the defendant resided at 70 Clisby Avenue in Dedham. While at that address, she opened an account under her own name to obtain gas and electricity from the utility companies NSTAR Electric and NSTAR Gas (collectively, NSTAR). That account was terminated in 2001 for failure to pay. Over the course of the following five to six years, at least five additional accounts were opened under different names to provide services from NSTAR for 70 Clisby Avenue. One of those accounts was opened in the name of the defendant's nephew, Scott Dolan. The "Scott Dolan account" was opened in September, 2004, and closed in April, 2006, for failure to pay. After her original debt with NSTAR had been sold to an outside debt collection agency in 2004, the defendant was able to open a new account in her own name, which she did on October 18, 2006. Prompted by the receipt of a bill from a collection agency, Dolan reported to police that his personal information had been used to open a utilities account with NSTAR at the address where the defendant was living at the time. Further facts will be set forth as necessary.

2. *Motion for required findings of not guilty.* The defendant argues that her motion for required findings of not guilty was wrongly denied because the Commonwealth presented insufficient evidence to support both the identity fraud and the larceny charges.

In reviewing a motion for a required finding of not guilty, we examine the evidence in the light most favorable to the Commonwealth to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Commonwealth* v. *Latimore,* 378 Mass. 671, 676-677 (1979). In satisfying this standard, "the Commonwealth

may rely on reasonable inferences drawn from circumstantial evidence." *Commonwealth* v. *Degro*, 432 Mass. 319, 325 (2000).

a. *Identity fraud.* The Commonwealth must prove beyond a reasonable doubt the following four elements to support a conviction of identity fraud: "specifically, that a defendant (1) posed as another person; (2) did so without that person's express authorization; (3) used the other person's identifying information to obtain, or attempt to obtain, something of value; and (4) did so with the intent to defraud." *Commonwealth* v. *Giavazzi*, 60 Mass. App. Ct. 374, 376 (2004) (footnote omitted). See G. L. c. 266, § 37E(*b*). The defendant takes issue with the Commonwealth's proof as to the second element. We conclude that there was sufficient circumstantial evidence of the lack of authorization, when viewed in combination and in the light most favorable to the Commonwealth, to support a conviction of identity fraud.

At trial, NSTAR employee Lisa Debonise testified that the defendant's account had been terminated in 2001 for failure to pay, and that with her outstanding debt on NSTAR's books until October, 2004, the defendant was unable to open an additional account in her own name during that period. The "Scott Dolan account" was opened on September 15, 2004, before that period had expired. At the time this account was opened, Dolan was eighteen years of age, a senior in high school, and living with his family in Dedham. At no point did he reside with the defendant, although he visited her house to babysit her children. After receiving a bill from a collection agency, Dolan conferred with his family about how to proceed. After no agreement was reached, he contacted the police and told them that "somebody" had used his personal information to obtain services from NSTAR. The gas and electricity account records entered in evidence under the name of a different individual for services at 70 Clisby Avenue during the relevant period also bear the notation that the account holder "believes she is a victim of ID theft."

Although the defendant is correct that Dolan never was asked by the prosecutor if he expressly had authorized the defendant to use his personal information, the judge reasonably could have inferred from the evidence presented that Dolan never authorized the use of his personal information. That inference is particularly

supported by Dolan's age at the time the account was opened, his status as a student, and his subsequent report to police; the judge made no impermissible leap of conjecture or speculation. Contrast *Commonwealth* v. *Giavazzi, supra* at 377-378 (where the only admissible evidence on subject of authorization was that defendant *had been authorized* to cash checks, any inference that he had not been so authorized "would not rise above the level of speculation").

b. *Larceny.* The defendant next asserts that, because some payments were made on the "Scott Dolan account," the Commonwealth failed to prove that she intended to steal from NSTAR. See G. L. c. 266, § 30(1). "A person's knowledge or intent is a matter of fact, which is often not susceptible of proof by direct evidence. Knowledge or intent, however, may be proved by inference from all the facts and circumstances developed at trial." *Commonwealth* v. *Costa,* 407 Mass. 216, 225 (1990).

The NSTAR account information for the relevant time period indicates that in exchange for services provided to 70 Clisby Avenue, several thousand dollars of outstanding debt accumulated over the course of eleven years. At least six accounts were terminated for failure to pay, with the exception being the seventh, i.e., the most recent account, which was terminated because the defendant moved from that address. On the basis of that evidence, a reasonable trier of fact could have concluded the defendant never intended to repay the outstanding debt accumulated on the "Scott Dolan account." The fact that a few small payments were made does not undermine that inference.

The motion for required findings of not guilty was properly denied.[1]

3. *Larceny of electricity and gas.* The defendant lastly contends that the electricity and the gas sold by NSTAR do not constitute "property" as defined by G. L. c. 266, § 30(2).[2]

---

[1]Given our conclusion that the Commonwealth presented sufficient evidence to prove larceny by stealing, we need not address the defendant's argument that the Commonwealth failed to prove larceny by false pretenses. See generally *Commonwealth* v. *Mills,* 436 Mass. 387, 392 (2002). That argument would have been unavailing, in any event, as it was premised on the failure to prove lack of authorization, which we already have addressed.

[2]General Laws c. 266, § 30(2), as amended by St. 1995, c. 272, § 3, provides:

"The term 'property', as used in the section, shall include money,

Although perhaps a novel question one hundred years ago, there can be no doubt that gas and electricity are considered "personal chattels" under the present statute. While the defendant is correct that this precise issue never has been addressed in Massachusetts, it is a well-established legal principle that electricity and gas are personal property that may be the subject of larceny.

It long has been established in the Commonwealth that gas is a chattel subject to larceny. *Commonwealth* v. *Shaw*, 4 Allen 308, 309-310 (1862), citing *Regina* v. *White*, 6 Cox C.C. 213 (1853). *Commonwealth* v. *Cote*, 15 Mass App. Ct. 229, 230-231 (1983).

Although we have been pointed to no Massachusetts decisions that state that electricity may be subject to larceny, electricity, like gas, also may be stored and conveyed. Storage is possible in a capacitor, and may be transmitted through wires. Quantity of consumption is measurable, and the value of the electricity allegedly stolen may be the subject of testimony and exhibits. Such was the case here, where detailed account information was entered in evidence.

The United States Supreme Court has declared that electricity is property that is susceptible of disposition. See *Ashwander* v. *Tennessee Valley Authy.*, 297 U.S. 288, 333-334 (1936). Other States also have held that electricity, as property, may be the subject of larceny. See, e.g., *Selman* v. *State*, 406 P.2d 181, 183 (Alaska 1965) (superseded by statute); *Monroe* v. *Savannah Elec. & Power Co.*, 267 Ga. 26, 27 (1996); *People* v. *Menagas*, 367 Ill. 330, 337 (1937) (superseded by statute); *Helvey* v. *Wabash County REMC*, 151 Ind. App. 176, 179 (1972) (superseded by statute). As stated by the Illinois Supreme Court: "Electric-

---

personal chattels, a bank note, bond, promissory note, bill of exchange or other bill, order or certificate, a book of accounts for or concerning money or goods due or to become due or to be delivered, a deed or writing containing a conveyance of land, any valuable contract in force, a receipt, release or defeasance, a writ, process, certificate of title or duplicate certificate issued under chapter one hundred and eighty-five, a public record, anything which is of the realty or is annexed thereto, a security deposit received pursuant to section fifteen B of chapter one hundred and eighty-six, electronically processed or stored data, either tangible or intangible, data while in transit, telecommunications services, and any domesticated animal, including dogs, or a beast or bird which is ordinarily kept in confinement."

ity, the same as gas, is a valuable article of merchandise, bought and sold like other personal property and is capable of appropriation by another." *People* v. *Menagas, supra.* We refuse to depart from this long-standing principle.

*Judgments affirmed.*