**Joseph JAMES, Appellant,**

v.

**STATE of Alaska, Appellee.**

No. 2701.

Supreme Court of Alaska.

Aug. 5, 1977.

James L. Bruce, Asst. Public Defender, Ketchikan, Brian C. Shortell, Public Defender, Anchorage, for appellant.

Geoffrey G. Currall, Dist. Atty, Ketchikan, Avrum M. Gross, Atty. Gen., Juneau, for appellee.

OPINION

Before BOOCHEVER, C. J., and RABINOWITZ, CONNOR and BURKE, JJ.

BOOCHEVER, Chief Justice.

Joseph James was convicted on a charge of sale of a hallucinogenic, stimulant and depressant drug in violation of AS 17.12.-010. The court had set August 18, 1975 for trial, and selection of a jury was commenced on that date. During voir dire examination, the defendant moved for dismissal because of alleged violation of Criminal Rule 45(b) which states:

(b) *Speedy Trial Time Limits.* A defendant charged with either a felony or a misdemeanor shall be tried within 120

days from the time set forth in section (c).[1]

Criminal Rule 45(f) specifies:

(f) *Waiver.* Failure of a defendant represented by counsel to move for dismissal of the charges under these rules prior to plea of guilty or trial shall constitute waiver of his rights under this rule.

Numerous arguments have been raised by counsel on both sides pertaining to the method of calculating excluded periods under Rule 45,[2] and the state, on appeal, has cursorily raised a constitutional issue which was not presented to the court below.[3] However, we find it unnecessary

1. Criminal Rule 45(c) reads as follows:

(c) *When Time Commences to Run.* The time for trial shall begin running, without demand by the defendant, as follows:

(1) From the date the defendant is arrested, initially arraigned, or from the date the charge (complaint, indictment, or information) is served upon the defendant, whichever is first. The arrest, arraignment, or service upon the defendant of a complaint, indictment, or information, relating to subsequent charges arising out of the same conduct, or the refiling of the original charge, shall not extend the time, unless the evidence on which the new charge is based was not available to the prosecution at the time the defendant was either initially arrested, arraigned, or served with the original charge, and a showing of due diligence in securing defendant for the original charges is made by the prosecution; or

(2) If the defendant is to be tried again following a mistrial, an order for a new trial, or an appeal or collateral attack, from the date of mistrial, order granting a new trial, or remand.

2. Criminal Rule 45(d) sets forth:

(d) *Excluded Periods.* The following periods shall be excluded in computing the time for trial:

(1) The period of delay resulting from other proceedings concerning the defendant, including but not limited to motions to dismiss or suppress, examinations and hearings on competency, the period during which the defendant is incompetent to stand trial, interlocutory appeals, and trial of other charges. No pre-trial motion shall be held under advisement for more than 30 days and any time longer than 30 days shall not be considered as an excluded period.

(2) The period of delay resulting from an adjournment or continuance granted at the timely request or with the consent of the defendant and his counsel. The court shall grant such a continuance only if it is satisfied that the postponement is in the interest of justice, taking into account the public interest in the prompt disposition of criminal offenses. A defendant without counsel shall not be deemed to have consented to a continuance unless he has been advised by the court of his right to a speedy trial under this rule and of the effect of his consent.

(3) The period of delay resulting from a continuance granted at the timely request of the prosecution, if:

(a) The continuance is granted because of the unavailability of evidence material to the state's case, when the prosecuting attorney has exercised due diligence to obtain such evidence and there are reasonable grounds to believe that such evidence will be available at the later date; or

(b) The continuance is granted to allow the prosecuting attorney in a felony case additional time to prepare the state's case and additional time is justified because of the exceptional complexity of the particular case.

(4) The period of delay resulting from the absence or unavailability of the defendant. A defendant should be considered absent whenever his whereabouts are unknown and in addition he is attempting to avoid apprehension or prosecution or his whereabouts cannot be determined by due diligence. A defendant should be considered unavailable whenever his whereabouts are known but his presence for trial cannot be obtained or he resists being returned to the state for trial.

(5) A reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and there is good cause for not granting a severance. In all other cases, the defendant shall be granted a severance in order that he may be tried within the time limits applicable to him.

(6) The period of delay resulting from detention of the defendant in another jurisdiction provided the prosecuting attorney has been diligent and has made reasonable efforts to obtain the presence of the defendant for trial. When the prosecution is unable to obtain the presence of the defendant in detention, and seeks to exclude the period of detention, the prosecution shall cause a detainer to be filed with the official having custody of the defendant and request the official to advise the defendant of the detainer and to inform the defendant of his rights under this rule.

(7) Other periods of delay for good cause.

3. The state contends that Rule 45 is substantive in nature and not within the court's power to promulgate rules governing practice and procedure in civil and criminal cases in all courts as authorized by art. IV, sec. 15 of the Alaska

to discuss those issues[4] since we have concluded that the speedy trial rule was waived by failure of the defendant to move for dismissal prior to trial.

It is defendant's contention that trial for the purposes of Rule 45 should be regarded as commencing when the jury has been selected and sworn. It is true that in *Selman v. State,* 406 P.2d 181, 184 (Alaska 1965), we stated with reference to Criminal Rule 12(b)(2) which required that certain motions be made before trial:

> Since the motion was not made until after the jury had been selected and sworn and was based solely on the ground that the crimes charged were not similar in character, sufficient cause to require the court to grant relief from the waiver was not shown, nor was any showing of prejudicial joinder presented.

In *Selman,* the jury had been selected and sworn before the motion was made, and the question was therefore not presented to the court as to whether the words "before trial" applied to an earlier time such as when selection of the jury was commenced.

Reference is also made to cases pertaining to double jeopardy, but special rules and distinct considerations apply to ascertaining when jeopardy attaches.[5]

■■■ Dispositive of the present case is the requirement that commencement of trial for the purposes of Rule 45 be construed consistently. Rule 45(b) requires that a defendant "be tried within 120 days." If trial

does not commence until after a jury is selected and sworn, the court could set a case to be tried within the 120-day period, but due to delays in selection of the jury, the panel would not be sworn until after the 120-day period. Certainly, the rule was not intended to permit delays in selecting the jury to result in a holding that the case was not timely tried. By the same token, the waiver rule should be construed as requiring the motion to be filed prior to commencement of selection of the jury. Since the motion was not filed in this case until after voir dire had been commenced, the defendant waived his rights under Rule 45.[6]

AFFIRMED.

RABINOWITZ, Justice, with whom CONNOR, Justice, joins, dissenting.

I agree with the court's conclusion that the phrase "prior to . . . trial," in Criminal Rule 45(f), requires that a motion for dismissal in a jury trial made pursuant to the rule be filed prior to the selection of the jury. However, I disagree with the court's holding that since appellant Joseph James failed to file his motion to dismiss for noncompliance with Rule 45 until after voir dire had been commenced, he waived his rights under Rule 45(f).[1]

In my view the case does not lend itself to disposition bottomed upon a waiver rationale. Rather, I think there exists ample justification for resort to the relaxation and dispensation provisions found in Criminal

---

Constitution. Because of our holding, it is unnecessary to reach the constitutional issue.

4. We do take this opportunity to mention one issue to prevent possible erroneous constructions of Criminal Rule 45(d). A contention was raised that "excluded periods" pertains to motions for modification of bail. Such motions have no direct bearing on the trial date and should not be excluded in computing the time involved.

5. *Koehler v. State,* 519 P.2d 442, 448 (Alaska 1974).

6. The dissent contends that the rule should be relaxed under the provisions of Criminal Rule 53 which permits a court to relax the rules when a strict adherence would work injustice. The trial court made the initial decision

as to whether there was a waiver of the 120-day rule, and it was up to the trial court to determine whether the requirements of Rule 45(f) should be relaxed. We do not find any abuse of discretion in failing to relax the rules as there has been no showing of any injustice that will result from requiring Mr. James to stand trial. He has presented no facts to us that indicate he will be prejudiced by the arguable period of delay in commencing the trial.

1. Criminal Rule 45(f) reads:
   *Waiver.* Failure of a defendant represented by counsel to move for dismissal of the charges under these rules prior to plea of guilty or trial shall constitute waiver of his rights under this rule.

Rule 53.[2] The record shows that James' attorney did not realize the actual date of James' arrest until after voir dire had actually commenced,[3] and thus could not accurately compute whether the 120 days had run under Rule 45. Further, there is no indication in the record that the motion to dismiss for noncompliance by the state with the speedy trial requirement of Criminal Rule 45 was intentionally delayed until after voir dire had commenced.[4] Given these circumstances I think James has demonstrated just cause for noncompliance with Criminal Rule 45(f) and therefore has presented an appropriate instance for invocation of Criminal Rule 53.[5] Thus I conclude that James did not waive any of his rights under Criminal Rule 45 and therefore would reach the merits of the Criminal Rule 45 issue in the case at bar.[6]

---

2. Criminal Rule 53 reads:

These rules are designed to facilitate business and advance justice. They may be relaxed or dispensed with by the court in any case where it shall be manifest to the court that a strict adherence to them will work injustice.

3. After his arrest, James made a deal with the state to become an informant for reduced bail. Since he was an informant, the Public Defender Agency refused to represent him after release because of a conflict of interest. The Agency did not know he had been arrested. When James subsequently stopped assisting the state (his bail remained), the Public Defender Agency said it would represent him, once he was arrested or indicted. At this point it still was not realized that James had already been arrested.

Counsel for James admits that he "goofed because there's indication on the police report that an arrest occurred on September 15th, and [he] simply overlooked it." Subsequent references by James to his "arrest" were assumed to mean an arrest following indictment.

4. Additionally, I am of the view that the case presents an appropriate occasion for relaxation of the requirement of Criminal Rule 45(f), because prior to this decision there was no clarification defining precisely when the trial begins for purposes of this rule.

5. I note that Criminal Rule 45 does not require the defendant to show that he was prejudiced by the state's failure to bring him to trial within the stipulated period. Under the terms of Criminal Rule 45(g), if the defendant is not brought to trial before the running of the time for trial, the court, on proper motion, must dismiss the charge with prejudice regardless of whether the defendant has shown actual prejudice.

6. Rule 45(g) provides: "If the defendant is not brought to trial before the running of the time for trial, as extended by excluded periods, the court upon motion of the defendant shall dismiss the charge with prejudice." Invocation of a waiver rationale has obviously placed this sanction beyond James' reach.