Joseph A. MAIN, Appellant,

v.

STATE of Alaska, Appellee.

No. 7625.

Court of Appeals of Alaska.

Sept. 2, 1983.

---

Phillip Paul Weidner, Drathman & Weidner, Anchorage, for appellant.

Elizabeth Sheley, Asst. Dist. Atty., Victor C. Krumm, Dist. Atty., Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

Joseph A. Main filed this expedited appeal pursuant to Appellate Rule 216(a)(3), after his request to peremptorily challenge Superior Court Judge Victor D. Carlson was denied as untimely. The relevant facts may be briefly stated.

Main was charged by indictment with four counts of sexual offenses involving a niece. His case was assigned for trial to Superior Court Judge Ralph Moody, and a

trial date of March 24, 1983, was established. On the day before trial, Main was informed that his case had been reassigned to Superior Court Judge Victor Carlson.[1] Main appeared before Judge Carlson the following day and immediately moved to stay the trial in order to assure that he would have a full, five-day period in which to decide whether to file a peremptory challenge as to Judge Carlson. This motion was denied by Judge Carlson.

After a series of unsuccessful efforts to obtain a stay pending appellate review of Judge Carlson's ruling, jury selection commenced on the afternoon of March 24; a jury was impaneled on March 25.[2] Because of an intervening three-day weekend and Judge Carlson's involvement in another case, Main's trial was then recessed until March 30. Both Main and the state agree that March 30 constituted the fifth business day after Main received notice of reassignment of his case to Judge Carlson.

Testimony in Main's trial was set to begin on the morning of March 30. Before the first witness was called, but after the jury had been sworn, Main attempted to exercise a peremptory challenge of Judge Carlson by filing an affidavit, personally executed by Main, indicating that, during the weekend, Main had received information leading him to believe that Judge Carlson would not conduct Main's trial in a fair and impartial manner. Judge Carlson denied the peremptory challenge, ruling that, under Alaska Criminal Rule 25(d)(5), Main's challenge was untimely because it was first asserted after commencement of his trial. Relevant portions of Criminal Rule 25(d) provide:

(d) *Change of Judge as a Matter of Right.* In all courts of the state, a judge may be peremptorily challenged as follows:

(1) *Entitlement.* In any criminal case in superior or district court, the prosecu-

tion and the defense shall each be entitled as a matter of right to one change of judge....

(2) *Procedure.* At the time required for filing the omnibus hearing form, or within five days after a judge is assigned the case for the first time, a party may exercise his right to change of judge by noting the request on the omnibus hearing form or by filing a "Notice Of Change Of Judge" signed by counsel, if any, stating the name of the judge to be changed....

\*       \*       \*       \*       \*       \*

(5) *Waiver.* A party loses his right under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, *or the commencement of trial.* (Emphasis added.)

After Judge Carlson denied Main's peremptory challenge, Superior Court Judge Mark Rowland was appointed in accordance with AS 22.20.020(c) to review Judge Carlson's ruling. Judge Rowland upheld the denial of Main's attempt to exercise a peremptory challenge, also relying on the waiver provisions of Criminal Rule 25(d)(5). Main then filed this appeal, challenging the propriety of the rulings entered by Judges Carlson and Rowland.

■ Main first asserts that AS 22.20.022, which authorizes a party to exercise a peremptory challenge of a judge within five days after the judge is appointed to a civil or criminal case, creates a peremptory challenge right that is independent of the peremptory challenge established under Criminal Rule 25(d). AS 22.20.022 provides, in relevant part:

*Peremptory Disqualification of a Superior Court Judge.* (a) If a party or a

---

1. The record before us does not indicate the reason for reassigning the case from Judge Moody to Judge Carlson for trial. For purposes of this appeal, the reason for reassignment is immaterial.

2. Main additionally sought to obtain a stay of trial pending resolution of this expedited appeal on the peremptory challenge issue. Main's requests for stays were denied, and his trial proceeded, ending in conviction on two counts and acquittal on one count; the jury was deadlocked as to the fourth count.

party's attorney in a district court action or a superior court action, civil or criminal, files an affidavit alleging under oath the belief that a fair and impartial trial cannot be obtained, the presiding district court or superior court judge, respectively, shall at once, and without requiring proof, assign the action to another judge of the appropriate court in that district .... The affidavit shall contain a statement that it is made in good faith and not for the purpose of delay.

\* \* \* \* \* \*

(c) The affidavit shall be filed within five days after the case is at issue upon a question of fact, or within five days after the issue is assigned to a judge, whichever event occurs later, unless good cause is shown for the failure to file it within that time.

\* \* \* \* \* \*

In attempting to exercise a peremptory challenge of Judge Carlson, Main purposely filed an affidavit in accordance with the requirements of AS 22.20.022(a), rather than filing the more informal Notice of Change of Judge called for under Criminal Rule 25(d). Main argues that his attempt to challenge Judge Carlson peremptorily was made pursuant to the statutory provision and that it was not based on Criminal Rule 25. He further contends that, because the statutory provision does not provide for waiver of the right to exercise a peremptory challenge upon commencement of trial, he was entitled to challenge Judge Carlson within the five-day period provided for under AS 22.20.022(c), even though his trial had already begun.[3]

We conclude that Main's theory of two independent, peremptory challenge rights— one under the statute and one under the rule—must be rejected. The Alaska Supreme Court has expressly indicated that Criminal Rule 25(d) is intended to be a procedural implementation of the substantive right to a peremptory challenge created by AS 22.20.022:

> Although the legislature has the power to create the right to a fair trial before an unbiased judge, and the right to pre-empt a judge without requiring actual proof of bias or interest, it has very limited power to provide for the means by which that pre-emption right may be exercised. Until the legislature validly changes Criminal Rule 25(d), that rule is the sole provision which may be consulted in determining whether the ... right [to exercise a peremptory challenge] was properly exercised and the effect of the pre-emption on the procedural and administrative functions of the court system. Therefore, insofar as Rule 25(d) regulates only the procedural aspects of the peremptory right created by AS 22.20.022, and to the extent that the rule does not infringe upon the substantive right created by statute, the provisions of Rule 25(d) supersede the legislative enactment.

*Gieffels v. State,* 552 P.2d 661, 667–68 (Alaska 1976) (footnote omitted). This statement is an unequivocal expression by the supreme court of the view that Criminal Rule 25(d) simply does not establish an independent right to challenge a judge peremptorily. We are bound by the supreme court's ruling in *Gieffels,* and, accordingly, reject Main's contention that he was not subject to the waiver provisions of Criminal Rule 25(d)(5) because he elected to proceed under AS 22.20.022, rather than under Criminal Rule 25(d). The statute and rule do not create independent rights.

■ This conclusion brings us to the second facet of Main's argument on appeal. Main correctly observes that, assuming

---

**3.** Main does not argue that his trial had not yet commenced, within the meaning of Criminal Rule 25(d), when he attempted to peremptorily challenge Judge Carlson. The Alaska Supreme Court has not previously determined the point at which a trial is deemed to commence for purposes of applying the waiver provisions of Criminal Rule 25(d). Here, since Main's jury had been selected and was sworn prior to his attempt to exercise a peremptory challenge, it seems apparent that, under virtually any view, his trial had commenced.

Criminal Rule 25(d) was intended to establish procedures implementing the peremptory challenge right created by AS 22.20.022, the procedural provisions of the rule would be powerless to alter any substantive right created by the statute. *See, e.g., Morgan v. State,* 635 P.2d 472, 476 (Alaska 1981); *Gieffels v. State,* 552 P.2d at 667–68. Main goes on to assert that the five-day period for exercise of a peremptory challenge provided for in AS 22.20.022(c) is part and parcel of the substantive right to a peremptory challenge created under that statute. Thus, Main urges us to hold that the waiver provisions of Criminal Rule 25(d)(5) are invalid to the extent that they conflict with the provisions of the statute. In particular, Main claims that, in cases such as his, where the waiver provisions of Criminal Rule 25(d)(5) conflict with the five-day period established under AS 22.20.022(c), the statute must be deemed to prevail. Thus, Main insists that his peremptory challenge of Judge Carlson was timely, even though exercised after the commencement of trial.

Main's view does find some support in early Alaska Supreme Court decisions construing AS 22.20.022. Decisions written prior to enactment of Criminal Rule 25(d) contain language emphasizing the significance of the five-day period for exercise of the peremptory challenge right. *See, e.g., Pope v. State,* 478 P.2d 801, 804 (Alaska 1970); *Roberts v. State,* 458 P.2d 340, 345–46 (Alaska 1969); *Channel Flying, Inc. v. Bernhardt,* 451 P.2d 570, 575–76 (Alaska 1969). Moreover, in recent cases, broad language employed by the supreme court could be read to lend support to the view that the five-day statutory period should be construed as part of the substantive right to a peremptory challenge. *See, e.g., Morgan v. State,* 635 P.2d 472, 476 (Alaska 1981) ("The statute [AS 22.20.022] creates a right to challenge peremptorily within five days after the case is at issue on a question of fact, or within five days after the issue is assigned to a judge."). *See also Kvasnikoff v. State,* 535 P.2d 464, 466 n. 5 (Alaska 1975) (indicating an apparent conflict between

the time requirements of Criminal Rule 25(d) and AS 22.20.022).

We think the better view, however, is that the five-day time period established in AS 22.20.022(c) is a procedural component of the statutory right to peremptory challenge of a judge created by AS 22.20.022(a). The basic purpose of the legislation is to enable litigants to challenge a judge assigned to their case without making a showing of actual bias. The five-day period provided for in the statute does not appear to be a central part of that right; it is an incidental, procedural provision. Nothing in the language of the statute or in its legislative history indicates that the legislature intended to elevate the five-day period for exercise of a peremptory challenge to the stature of a substantive right. As the state correctly notes, the five-day period allowed under AS 22.20.022(c) is precisely the type of provision that is normally considered to be procedural. As the supreme court said in *Ware v. Anchorage,* 439 P.2d 793, 794 (Alaska 1968), substantive law "creates, defines and regulates rights, while procedural law prescribes the method in enforcing the rights." Applying this standard to AS 22.20.022 leads to the conclusion that its five-day clause is one that prescribes the manner in which the right to exercise a peremptory challenge may be exercised. The five-day statutory period must thus be considered procedural and not substantive. *See also Nolan v. Sea Airmotive, Inc.,* 627 P.2d 1035, 1042–43 (Alaska 1981) (in determining whether a statute is substantive or procedural, inquiry should be made into the question whether the "statute under scrutiny is more closely related to the concerns that led to the establishment of judicial rule making power, or to matters of public policy properly within the sphere of elected representatives.")

Since the statutory five-day period is a procedural provision, it is subject to being amended by exercise of the supreme court's rule-making authority. Thus, to the extent that the waiver provisions of Criminal Rule

 

25(d)(5) conflict with the five-day period of AS 22.20.022(c), the provisions of the rule, and not those of the statute, must prevail. For this reason, we conclude that the superior court properly determined that Main's attempt to exercise a peremptory challenge of Judge Carlson was untimely under Criminal Rule 25(d)(5).[4]

**4.** We do not mean to imply that the five-day period prescribed by statute for exercise of a peremptory challenge is insignificant. Where possible, efforts must be made by the court system to avoid the type of problem that was created in the present case by the last-minute reassignment of Main's trial from Judge Moody to Judge Carlson. We further emphasize that trial courts must refrain from an unduly rigid application of the waiver provisions of Criminal Rule 25(d)(5) in cases where last-minute reassignment of a trial judge becomes necessary. In the great majority of cases, a relatively short period of time will be sufficient to enable a defendant whose case has been reassigned immediately before trial to consult with his counsel and make an informed and intelligent decision as to whether a peremptory challenge should be exercised. However, in unusual cases, last-minute reassignment of a trial judge may give rise to circumstances that would make it unduly burdensome for a defendant and his counsel to make a decision concerning exercise of a peremptory challenge on short

The superior court's denial of Main's request to challenge Judge Carlson is AFFIRMED.

notice. In such cases, if the defendant makes an adequate showing that the time between notice of reassignment and commencement of trial is unreasonably short, trial judges would be well-advised to give serious consideration to the alternative of granting a reasonable continuance, in order to assure that the defendant's peremptory challenge right is not unduly fettered.

Main has not established that the superior court abused its discretion in refusing to grant his request for continuance of trial until the full, five-day period provided for under Criminal Rule 25(d) had run. Nor has he attempted to argue the abuse of discretion issue in this appeal. In fact, given the limited scope of a peremptory challenge appeal filed under Appellate Rule 216, it is doubtful whether it would be appropriate to argue this issue in the context of the present appeal. We therefore do not foreclose Main from arguing in his direct appeal that the trial court's denial of his motion for continuance amounted to an abuse of discretion.