Clifford TRUDEAU, Appellant,

v.

STATE of Alaska, Appellee.

No. A–730.

Court of Appeals of Alaska.

Feb. 14, 1986.

Michael A. Thompson, Ketchikan, for appellant.

Cynthia M. Hora, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Norman C. Gorsuch, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

SINGLETON, Judge.

Clifford Trudeau was convicted after a jury trial of one count of theft in the second degree. AS 11.46.130(a)(1). He challenges his conviction in reliance on three alleged procedural errors which preceded it. Specifically, he argues that the trial court erred in holding an omnibus hearing in his absence, Alaska R.Crim.P. 38(a), 16(f); in failing to honor his peremptory disqualification of the trial judge, Alaska R.Crim.P. 25(d); and in failing to dismiss the case because trial was not held within 120 days from the date of his initial arrest, Alaska R.Crim.P. 45. We affirm.

On November 7, 1983, Clifford Trudeau was in Ketchikan, released on his own recognizance from charges unrelated to this prosecution, originating in Sitka. While in Ketchikan he committed a theft resulting in his indictment, handed down on December 9, 1983, for the instant charge. The charge apparently resulted in revocation of his bail and incarceration for the Sitka charges.

Trudeau was arraigned in Ketchikan on the theft charges on December 15, 1983. He pled not guilty, and the public defender was appointed to represent him. An omnibus hearing was scheduled for January 13, 1984—nine days after Trudeau was scheduled to go to trial on the Sitka charges. From the record it appears that within a day or two of his arraignment Trudeau was transported to Juneau in order to meet with the Juneau public defender who was to represent him at his Sitka trial.

Trudeau's omnibus hearing was held in Ketchikan on January 13, 1984. Trudeau, who apparently was still incarcerated in Juneau, was not present at the hearing. He was represented at the hearing by counsel. The following colloquy occurred between the court and defense counsel concerning how to proceed in Trudeau's absence.

THE COURT: Well, do you want to do this without [Trudeau] or ...

P.D.: I haven't talked to him about not being here at the omnibus hearing.

THE COURT: Well, we're here. I guess we could do it and if he objects, we'll do it over. I don't ...

P.D.: I can.

THE COURT: He [Trudeau] has the right to be here.

P.D.: I—I understand that.

THE COURT: Once he finds out what it is, he may not object to not being here, but if he does, we'll do it over again....

The court then held the hearing.

At the hearing the court considered discovery issues, including setting dates for disclosure of discovery materials, and discussed with Trudeau's counsel whether he intended to present an affirmative defense. The court also set a briefing schedule for motions and designated March 19, 1983, as the date for oral argument on any motions to suppress physical evidence, confessions, and admissions. Finally, the court scheduled trial for April 24, 1984. The record reflects that the defense did not file any pretrial motions, and no hearing was in fact held on March 19.

The omnibus hearing order was signed by the assistant district attorney and defense counsel but not by the court or Trudeau. The court suggested that defense counsel, "make some arrangements" to send the omnibus hearing order to Trudeau, possibly by sending it to the Juneau public defender—Trudeau's counsel in the Sitka case.

Trudeau's trial in Ketchikan began, as scheduled, on April 24, 1984, and a jury was impaneled. The next day, outside the jury's presence, Trudeau filed a *pro se* motion for dismissal of the charge against him on ineffective assistance of counsel grounds. Specifically, Trudeau contended that his attorney had permitted the omnibus hearing to be held in Trudeau's absence and, at the same time, had purportedly waived Trudeau's right to a speedy trial guaranteed by Alaska R.Crim.P. 45. Trudeau requested dismissal of all charges against him, or in the alternative, a continuance of the trial and appointment of new trial counsel. He did not specifically request a new omnibus hearing.

The state, responding only to Trudeau's speedy trial complaint, argued that periods excluded from the speedy trial calculation due to Trudeau's incarceration on the Sitka case, brought Trudeau within the 120-day time limit in the Ketchikan case and, in any event, Trudeau had waived his speedy trial right by failing to object prior to impaneling of the jury. The court did not specifically address Trudeau's ineffective assistance of counsel claim. Instead, the court noted that the January 13 hearing was primarily a scheduling hearing and ruled that Trudeau had waived his speedy trial right by not objecting before the jury was impaneled. The court therefore denied Trudeau's motion to dismiss.

Trudeau filed another *pro se* motion to dismiss on the third day of trial. The motion charged that Trudeau's absence from the omnibus hearing had violated Alaska R.Crim.P. 38(a) and his constitutional right to due process. Trudeau alleged that his counsel was inadequate because counsel allowed the hearing to be held without Tru-

deau. Trudeau requested that all charges against him be dismissed or new counsel be appointed or that he be permitted to proceed *pro se.*

Judge Schulz took evidence and heard argument on Trudeau's motion. Significantly, in determining Trudeau's ineffective assistance of counsel claim, Judge Schulz did not make specific findings as required by *Risher v. State,* 523 P.2d 421 (Alaska 1974), regarding the competence of counsel or the degree of prejudice, if any, suffered by Trudeau as a result of counsel's errors. Instead, the trial court directly addressed the merits of Trudeau's contentions and rejected them.

## DISCUSSION

We hold that Trudeau had a right to be present at his omnibus hearing. Alaska Rule Criminal Procedure 38(a) provides:

> The defendant shall be present at the arraignment, at the preliminary hearing, at the time of plea, at the *omnibus hearing* and at every stage of the trial, including the impaneling of the jury and return of the verdict, and at the imposition of the sentence, except as otherwise provided in this rule. [Emphasis added.]

In addition, Criminal Rule 16(f)(7) provides:

> At the conclusion of the [omnibus] hearing the court shall inquire of a defendant who is present whether he understands the proceedings and consents to the entry of the hearing order.

The state nevertheless argues that violation of these rules resulted in an error that was harmless beyond a reasonable doubt. Essentially, the state reasons that the omnibus hearing held in this case was a scheduling hearing not a hearing to resolve any motion or matter on its merits. As a result, the state urges, nothing of significance happened and, while Trudeau should have been present, his absence did not prejudice him. *See, e.g., Meyer v. State,* 627 P.2d 636, 639 n. 4 (Alaska 1981) (violation of Rule 38 resulting from defendant's absence at required hearing was harmless where his presence could have had no impact on the decisional process, quoting

*State v. Hannagan,* 559 P.2d 1059, 1065–66 n. 20 (Alaska 1977)). The state's view finds support in the ABA Standards Relating to Discovery and Procedure Before Trial, § 5.3 (Omnibus Hearing) and § 5.4 (Pretrial Conference) (Approved Draft 1970) from which Alaska R.Crim.P. 16, governing omnibus hearings, is apparently derived. The omnibus hearing contemplated by the standard is nearly identical in scope to Alaska's omnibus hearing as prescribed by rule. The commentary to the ABA standards does not encourage, much less require, the presence of the defendant. However, under the 1969 tentative draft of the ABA standards, the defendant's presence was required at the pretrial conference—a proceeding for the purpose of, *inter alia,* making stipulations as to fact. It should be noted that the 1970 approved draft of § 5.4 of ABA Standards Relating to Discovery and Procedure Before Trial, dispensed with any requirement of defendant's presence, or written waiver of his presence even at this stage, deeming it "overly cautious of a defendant's rights." Elsewhere, in determining the defendant's right to be present, the commentary on the section pertaining to the omnibus hearing distinguishes between the omnibus hearing (a proceeding to ensure that discovery has been properly conducted and that issues are simply and efficiently raised), where defendant's presence is not required, and an evidentiary hearing (such as for a motion to suppress), where the defendant's presence may be required. *See* ABA Standards Relating to Discovery and Procedure Before Trial, § 5.3 commentary (Approved Draft 1970).

Further support for the state's position is found in *Dolchok v. State,* 639 P.2d 277 (Alaska 1982). In *Dolchok,* the defendant appealed his conviction, in part, on the ground that his absence from an *in camera* pretrial conference violated his constitutional rights and his rights under Rule 38. The conference at issue in *Dolchok* was attended by defense counsel, the prosecutor, and the trial judge. At the conference, defense counsel and the prosecutor

arranged for a nonjury trial in which defense counsel would not raise suppression issues and the prosecutor would not argue for a guilty verdict other than a verdict of not guilty by reason of insanity. *Dolchok*, 639 P.2d at 279. It appears that defense counsel and the prosecutor were of the view that Dolchok's unimpeached and uncontradicted evidence would guarantee a court acceptance of the insanity defense. To their surprise, the trial court considered the evidence, rejected the insanity defense, and found Dolchok guilty of murder. *Id.* at 281.

Dolchok moved for post-conviction relief contending, *inter alia*, that his absence from the pretrial conference violated Rules 22 and 38 and a number of his constitutional rights. *Id.* at 283–84. The trial court found that the *in camera* discussion had been limited to purely legal and procedural questions, and that there was no indication that Dolchok's presence would have aided his defense. *Id.* at 284. Therefore, although the trial judge found that the failure to have Dolchok attend the conference was error, he concluded that the error had been harmless beyond reasonable doubt. *Id.* at 284. Dolchok's motion for post-conviction relief was denied. On appeal, the supreme court affirmed the trial court's denial of post-conviction relief. In affirming rejection of Dolchok's claims, the court recognized Dolchok's argument that, while nothing of significance occurred at the conference, the tenor of the conference would have alerted him to the risk that his not guilty by reason of insanity plea would ultimately fail. The court expressly found that this alleged prejudice was insufficient for reversal. *Id.* at 285.

Trudeau's claim is similar to Dolchok's. He concedes that nothing of significance happened at the omnibus hearing but argues that had he been present, he would have been alerted to the fact that Judge Schulz would be trying the case, and that his counsel was contemplating stipulating to a trial date more than 120 days from the date of his arrest. Thus Trudeau concludes, attendance at the hearing would have alerted him to the need to (1) peremp-

torily challenge the trial judge and (2) affirmatively protect his rights under Criminal Rule 45 in order to avoid the eventual forfeiture. We follow *Dolchok* and reject Trudeau's arguments. Under the circumstances, his absence from the omnibus hearing was harmless beyond reasonable doubt. *See Dolchok*, 639 P.2d at 285 n. 19 (discussing harmless error test appropriate to the resolution of this question).

Trudeau next argues that the trial court erred in rejecting his speedy trial claim. He notes that under Criminal Rule 45, he was entitled to trial within 120 days of his arrest and that his trial, in fact, took place 135 days from his arrest. The trial court rejected this claim, in partial reliance on Criminal Rule 45(f) which provides:

> Failure of a defendant represented by counsel to move for dismissal of the charges under these rules prior to plea of guilty or trial, shall constitute waiver of his rights under this rule.

This provision is based in part on ABA Standards Relating to Speedy Trial, § 4.1 (Approved Draft 1968) which provides in relevant part:

> [F]ailure of the defendant or his counsel to move for discharge prior to trial or entry of a plea of guilty, should constitute waiver of the right to speedy trial.

■ The commentary points out that speedy trial is a personal right of the defendant, and thus, the right is deemed waived if not promptly asserted. It concludes that the requirement that the defendant must move for dismissal on speedy trial grounds prior to trial or pleading guilty, or forfeit the right, is apparently the view now taken in all states, citing Annot., 57 A.L.R.2d 302, 336, 343 (1958). The Alaska Supreme Court considered this issue in *James v. State*, 567 P.2d 298 (Alaska 1977). In *James*, the defendant moved for dismissal on speedy trial grounds during the *voir dire* examination of the jurors for trial. *James*, 567 P.2d at 298–99. The trial court denied the motion to dismiss on the ground that James had waived his speedy trial right by failing to object be-

fore trial. The supreme court affirmed. *Id.* at 300. In *James,* the court in effect viewed Criminal Rule 45(f) as establishing a forfeiture rule rather than a waiver rule, for no inquiry was made into whether James personally understood that failing to complain of a speedy trial violation before jury *voir dire* precluded a subsequent complaint. *James,* at 300–01 (Rabinowitz and Connor, J.J., dissenting). *Cf. Snyder v. State,* 524 P.2d 661, 664 (Alaska 1974) (standards for determining waiver of fundamental constitutional rights inapplicable to waiver of right to speedy trial under Rule 45). The distinction between waiver and forfeiture, in the context of Alaska R.Crim.P. 45, is discussed at length in *Andrew v. State,* 694 P.2d 168, 172–80 (Alaska App.1985) (Singleton, J., concurring), *petition for hearing granted* (Alaska, May 6, 1985). Under the circumstances, the trial court did not err in relying on *James* and Alaska R.Crim.P. 45(f) in finding that Trudeau forfeited his right to complain on speedy trial grounds when his complaint was delayed until after the jury was selected.[1]

Trudeau next argues that the trial court erred in rejecting his peremptory challenge pursuant to Alaska R.Crim.P. 25(d). The trial court relied on Criminal Rule 25(d)(5) which provides:

A party loses his rights under this rule to change a judge when he agrees to the assignment of the case to a particular judge or participates before him in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or

the commencement of trial. No provision of this rule shall bar a stipulation as to the judge before whom a plea of guilty or of *nolo contendere* shall be taken under Rule 11.

■ In *Main v. State,* 668 P.2d 868 (Alaska App.1983), we held, in effect, that Criminal Rule 25(d)(5) was a forfeiture rule rather than a waiver rule. When a defendant who is represented by counsel fails to interpose a peremptory challenge to the trial judge prior to the selection of the jury, he forfeits the right. No inquiry need be made into the defendant's understanding of his rights, or the extent to which he and counsel have discussed them. We now stress that the forfeiture aspects of the rule only apply to a represented client. Where the defendant is not represented, he must have reasonable access to counsel before the commencement of trial if the failure to file a timely peremptory challenge is to work a forfeiture. *See, e.g., Riley v. State,* 608 P.2d 27 (Alaska 1980). As we held in *Main,* however, where counsel is appointed prior to trial, it will be conclusively presumed that reasonable access existed and, questions of ineffective assistance of counsel aside, failure to exercise a peremptory challenge prior to selection of the jury forfeits any rights defendant and his counsel might otherwise have had under Criminal Rule 25(d). *Main,* 668 P.2d at 873 n. 4.

We note that the Arizona Supreme Court has given the rule from which Alaska R.Crim.P. 25(d) is derived, a similar con-

---

**1.** In *James,* the supreme court rejected the dissenting judges' suggestion that, in the absence of evidence that a Rule 45(f) waiver was knowing, intelligent, and voluntary, the trial court should relax the rules in the interest of justice to permit the late challenge, citing, Alaska Rule of Criminal Procedure 53 (permitting the court to relax the rules when strict adherence would work injustice). The supreme court held:

> The trial court made the initial decision as to whether there was a waiver of the 120-day rule, and it was up to the trial court to determine whether the requirements of Rule 45(f) should be relaxed. We do not find any abuse of discretion in failing to relax the rules as there has been no showing of any injustice

that will result from requiring Mr. James to stand trial. He has presented no facts to us that indicate he will be prejudiced by the arguable period of delay in commencing the trial.

567 P.2d at 300 n. 6.

Trudeau, like James, points to no specific prejudice resulting from trial 135 days after his arrest as opposed to 120 days. Given the supreme court's determination that a showing of prejudice is a prerequisite to finding an abuse of discretion in not relaxing Criminal Rule 45(f), Trudeau cannot prevail. *But cf. James,* 567 P.2d at 301 n. 5 (Rabinowitz and Connor, J.J., dissenting, arguing that prejudice should be irrelevant).

struction.[2] In *State v. Reid*, 114 Ariz. 16, 559 P.2d 136, 140–41 (1976), *cert. denied*, 431 U.S. 921, 97 S.Ct. 2191, 53 L.Ed.2d 234 (1977), the Arizona Supreme Court noted that defense counsel should ordinarily discuss the right to peremptory challenge of the trial judge with the defendant, but concluded that counsel's consent to have the matter tried before a particular judge was binding on the client and constituted a waiver of the client's peremptory challenge rights under Arizona Criminal Rule 10.4. The court reasoned that ordinarily counsel, rather than the defendant, should exercise the defendant's peremptory challenge rights. *See also State v. Harding*, 137 Ariz. 278, 670 P.2d 383, 389–90 (1983), *cert. denied*, 465 U.S. 1013, 104 S.Ct. 1017, 79 L.Ed.2d 246 (1984) (public defender's failure to file peremptory challenge against trial judge waived rights of nonconsenting defendant).

 Of course, the trial court has discretion to relieve a defendant of the burden of a forfeiture when good cause is shown. Alaska R.Crim.P. 53. A breakdown in the attorney-client relationship does not necessarily establish good cause. *McCracken v. State*, 521 P.2d 499, 511 (Alaska 1974). The defendant must show actual prejudice in order to establish that the trial court abused its discretion under Criminal Rule 53, in failing to excuse a forfeiture under Criminal Rule 45(f) (*James*, 567 P.2d at 300 n. 6), or Criminal Rule 25(d) (*McCracken*, 521 P.2d at 511 nn. 53–54). Trudeau has not established that he was actually prejudiced at trial by denial of his motions.

In his *pro se* motions Trudeau argues that trial counsel rendered him ineffective assistance by failing to assert his Rule 45 and Rule 25(d) rights prior to trial. The trial court did not address the issue of ineffective assistance directly or hold a hearing to determine whether, in fact, counsel rendered ineffective assistance to Trudeau in these respects. *See Barry v. State*, 675 P.2d 1292 (Alaska App.1984) (appellate court can rarely decide issue of ineffective assistance of counsel in the absence of an evidentiary hearing in the trial court). Trudeau has new counsel on appeal, and present counsel has elected not to press the ineffective assistance claim. We therefore do not express any opinion regarding it. *Cf. State v. Harding*, 137 Ariz. 278, 670 P.2d 383, 390 (1983) (public defender's failure to discuss peremptory challenge rights with defendant and exercise those rights prior to trial would only constitute ineffective assistance of counsel if trial judge was, in fact, prejudiced against defendant and a challenge for cause if timely filed should have been granted).[3]

The judgment of the superior court is AFFIRMED.

---

**2.** Alaska Rule of Criminal Procedure 25(d) is derived from the predecessor to current Arizona Rule of Criminal Procedure 10.4. *See, e.g., Gardner v. State*, 702 P.2d 250, 251–52 n. 4 (Alaska App.1985); *Webber v. Webber*, 706 P.2d 329, 332 n. 1 (Alaska App.1985) (Singleton, J., concurring).

**3.** In *Harding*, the Arizona Court essentially treated failure to file a timely preempt in the same way our supreme court in *James v. State* treated failure to file a timely motion to dismiss under Rule 45. In *Harding*, if the defendant showed actual prejudice, he would be entitled to relief for ineffective assistance of counsel. 670 P.2d at 389–90. In *James*, the supreme court held that if defendant shows actual prejudice from failure to file a timely Rule 45 motion, he is entitled to relief under Alaska R.Crim.P. 53, *i.e.*, the right to bring an untimely motion. *James*, 567 P.2d at 300 n. 6. In effect, Judge Schulz followed the same procedure, apparently recognizing that the showing necessary to establish ineffective assistance of counsel would also establish the right to file an untimely motion under Criminal Rule 53. He therefore proceeded directly to a consideration of the motions themselves. *Cf. McCracken v. State*, 521 P.2d at 511 nn. 53–54 (failure to file a timely peremptory challenge does not, standing alone, constitute gross dereliction or ineffectiveness of counsel, at least where defendant retains the option of challenging the trial judge for cause).