**Vernon M. RAY, Appellant,**

v.

**STATE of Alaska, Appellee.**

**No. A–2639.**

Court of Appeals of Alaska.

June 15, 1990.

---

Paul E. Malin, Asst. Public Defender, and John B. Salemi, Public Defender, Anchorage, for appellant.

David Mannheimer, Asst. Atty. Gen., Office of Sp. Prosecutions and Appeals, Anchorage, and Douglas B. Baily, Atty. Gen., Juneau, for appellee.

Before BRYNER, C.J., and COATS and SINGLETON, JJ.

## OPINION

BRYNER, Chief Judge.

█ Vernon M. Ray was convicted by a jury of third-degree criminal mischief, driving while intoxicated, and driving while his license was suspended. He appeals, claiming a violation of his right to a speedy trial under Alaska Criminal Rule 45. We affirm.

Ray first moved to dismiss under Criminal Rule 45 on the eighth day of his trial, as his case was about to be submitted to the jury. During a discussion of proposed jury instructions, Ray moved for dismissal after the court indicated in a passing comment that it believed Ray might have been placed under arrest on the date of the alleged offenses. Ray noted that if he was placed under arrest at that time, more than 120 days had elapsed between the date of arrest and the date of trial. The court found Ray's motion untimely and denied it.

█ Ray renews his speedy trial claim on appeal. In doing so, however, he overlooks Criminal Rule 45(f), which is dispositive:

> *Waiver.* Failure of a defendant represented by counsel to move for dismissal of the charges under these rules prior to ... trial shall constitute waiver of his rights under this rule.

Under this provision, once jury selection begins, the accused forfeits the right to assert a violation of the speedy trial rule. *James v. State,* 567 P.2d 298, 300 (Alaska 1977); *Trudeau v. State,* 714 P.2d 362, 365–66 (Alaska App.1986). Subsection (f) operates as a bar regardless of whether the failure to make a timely motion resulted from an informed decision. *See James,* 567 P.2d at 300 (counsel did not realize date of arrest until after the beginning of *voir dire* ).

The conviction is AFFIRMED.