NOTICE

*The text of this opinion can be corrected before the opinion is published in the* *Pacific* *Reporter*. *Readers are encouraged to bring typographical or other formal errors to the attention of the Clerk of the Appellate Courts:*

*303 K Street, Anchorage, Alaska 99501*
*Fax: (907) 264-0878*
*E-mail: corrections@akcourts.us*

IN THE COURT OF APPEALS OF THE STATE OF ALASKA

MICHAEL SAOFAGA JR.,

Appellant,

v.

STATE OF ALASKA,

Appellee.

Court of Appeals No. A-13191
Trial Court No. 3AN-17-4444 CR

O P I N I O N

No. 2620 — October 19, 2018

Appeal from the Superior Court, Third Judicial District, Anchorage, Jack W. Smith and Michael L. Wolverton, Judges.

Appearances: Shana Bachman, Assistant Public Defender, and Quinlan Steiner, Public Defender, Anchorage, for the Appellant. Ann B. Black, Assistant Attorney General, Office of Criminal Appeals, Anchorage, and Jahna Lindemuth, Attorney General, Juneau, for the Appellee.

Before: Mannheimer, Chief Judge, and Allard and Wollenberg, Judges.

Judge ALLARD.

After agreeing to go to trial before a superior court judge and litigating various motions before that judge, Michael Saofaga Jr. filed a motion under Alaska Criminal Rule 25(d) seeking to peremptorily challenge the judge. The judge denied the

motion, ruling that Saofaga had forfeited his right to file the peremptory challenge when he litigated the various pretrial issues before the judge.[1]

Saofaga now appeals the denial of his peremptory challenge.[2] Saofaga raises three claims on appeal.

First, Saofaga argues that the judge lacked the authority to rule on the validity of the peremptory challenge because he was the subject of the challenge. We conclude that this argument is based on a misreading of Criminal Rule 25(d) and is without merit.

Second, Saofaga argues that he did not forfeit his right to peremptorily challenge the judge because (according to Saofaga) the peremptory challenge occurred before the judge had issued any substantive rulings on the matters litigated in front of him. This argument is also without merit, and it is directly contradicted by the record of the superior court proceedings.

Lastly, Saofaga argues that he did not forfeit his right to peremptorily challenge the judge because he did not personally waive this right. We have previously rejected the argument that a litigant must affirmatively waive the right of peremptory challenge.[3] Even though Criminal Rule 25(d)(5) refers to a "waiver" of the right of peremptory challenge, Rule (d)(5) is in fact a rule of forfeiture, and no personal waiver from the defendant is required.

We accordingly affirm the superior court's denial of Saofaga's peremptory challenge.

---

[1] *See* Alaska R. Crim. P. 25(d)(5).

[2] *See* Alaska Appellate Rule 216(a) (authorizing an immediate interlocutory appeal when a peremptory challenge is denied).

[3] *Trudeau v. State*, 714 P.2d 362, 366 (Alaska App. 1986) (citing *Main v. State*, 668 P.2d 868, 871-72 (Alaska App. 1983)).

*Background facts and prior proceedings*

Michael Saofaga Jr. is currently charged with committing perjury based on statements he made at sentencing in an earlier criminal case.[4] Superior Court Judge Jack W. Smith was the sentencing judge in that earlier case.

Judge Smith was also later assigned to be the trial judge in Saofaga's perjury case. This assignment occurred on May 1, 2018, after Saofaga's attorney announced that the defense was ready for trial.

On May 4, Saofaga's attorney moved to disqualify Judge Smith for cause.[5] The defense attorney stated that she was bringing this motion "out of an abundance of caution," because she was concerned that Judge Smith could potentially be called as a witness at the perjury trial. The prosecutor responded that he could not see how Judge Smith could be a material witness in the perjury trial: the sentencing hearing in the earlier case had been recorded, and Judge Smith had never expressed an opinion on the veracity of Saofaga's statements at that sentencing hearing. Judge Smith agreed with the prosecutor that he was not a material witness, and he therefore denied the defense attorney's motion to disqualify him for cause. However, after issuing this ruling, Judge Smith noted that Saofaga could still use his peremptory challenge under Criminal Rule 25(d).

Superior Court Judge Gregory Miller was appointed under AS 22.20.020(c) to review Judge Smith's ruling on the motion to disqualify for cause. In his written order, Judge Miller affirmed Judge Smith's ruling on this motion — but Judge Miller, too, noted that "[Saofaga] may still exercise a peremptory challenge of Judge Smith."

---

[4]   The prior criminal case occurred in 2015 and was resolved through a plea agreement. *See State v. Saofaga*, 3AN-15-10892 CR.

[5]   *See* AS 22.20.020.

The next hearing in Saofaga's case was held on May 7. Saofaga's attorney received a copy of Judge Miller's order prior to that May 7 hearing. However, the defense attorney did not file a peremptory challenge of Judge Smith at that hearing. Instead, the attorney agreed that trial could begin in front of Judge Smith in two days (May 9). The defense attorney also participated in the discussion of various preliminary pretrial matters, which Judge Smith addressed during that May 7 hearing.

The next day, Saofaga's attorney filed three motions in limine. One of these "motions in limine" was actually an untimely suppression motion.[6] In this suppression motion, Saofaga's attorney argued that the State's photographic lineup was so suggestive that it violated due process, and she asked the court to suppress the results of that lineup. (Saofaga's attorney did not acknowledge that this suppression motion was untimely, nor did the attorney provide any explanation for the delay.)

In the second motion in limine, Saofaga's attorney argued that the State should be precluded from introducing evidence of certain prior bad acts of Saofaga — including any details regarding the underlying criminal case in which Saofaga was alleged to have committed perjury. In the third motion, Saofaga's attorney argued that Saofaga's trial should be continued because of some discovery issues.

The State opposed all three of these defense motions. The State argued, in particular, that the first "in limine" motion — *i.e.*, the suppression motion — should be summarily denied because it was untimely.

On the morning of May 9, while the potential jurors were filling out their juror questionnaires and waiting for jury selection to begin, Judge Smith addressed the three defense motions on their merits.

---

6    *See* Alaska R. Crim. P. 12(b)-(c).

Judge Smith expressed concern about the untimeliness of the suppression motion, and he noted that he had the authority to summarily deny that motion based on its untimeliness. But Judge Smith ultimately decided to continue Saofaga's trial so that the due process issues raised by the motion could be more fully litigated. The judge then noted that his decision to continue Saofaga's trial rendered Saofaga's third motion moot (the motion to continue the trial, based on discovery issues).

Judge Smith then set various deadlines for further briefing on Saofaga's two remaining motions, and he scheduled an evidentiary hearing on the suppression motion. Judge Smith also ordered the defense attorney to explain the reasons for the delay in filing the suppression motion and ordered her to show cause why monetary sanctions should not be imposed against her based on that delay.

The next day, a different defense attorney from the same public agency entered an appearance on Saofaga's behalf. This new attorney filed a peremptory challenge of Judge Smith under Criminal Rule 25(d). Judge Smith denied the peremptory challenge in a written order. In that order, Judge Smith concluded that Saofaga had forfeited the right to peremptorily challenge him because Saofaga's attorney had already litigated substantive matters before the judge.

Saofaga's new attorney filed a "Notice of Objection" in which she argued that Judge Smith had no authority to decide the peremptory challenge because the challenge was against Judge Smith. Superior Court Judge Michael L. Wolverton was assigned to review Judge Smith's denial of the peremptory challenge. Judge Wolverton subsequently issued his own written ruling, affirming Judge Smith's forfeiture analysis.

This appeal followed.

*Saofaga's claims on appeal*

Alaska Statute 22.20.022 provides for peremptory challenges to judges. Alaska Criminal Rule 25(d) implements this right in criminal cases.[7]

Under Criminal Rule 25(d), the prosecution and the defense are each entitled to one judicial peremptory challenge of right, subject to two procedural requirements: First, under the provisions of Criminal Rule 25(d)(2), the party must file the peremptory challenge within five days after receiving notice that the judge has been assigned to try the case. (The filing of a motion to disqualify a judge for cause tolls this time, and the time starts anew if the motion is denied.[8]) Second, under the provisions of Criminal Rule 25(d)(5), a party cannot exercise a peremptory challenge to a judge if the party has already agreed to the assignment of that judge, or if the parties already participated in certain proceedings before the judge, knowing that the judge has been permanently assigned to the case.

Here, the parties agree that Saofaga's peremptory challenge was filed within five days of Judge Miller's order affirming Judge Smith's denial of the motion to disqualify for cause.[9] However, they disagree as to whether, under the provisions of Rule 25(d)(5), Saofaga forfeited his right to peremptorily challenge Judge Smith. They also disagree as to whether Judge Smith had the authority to rule on the validity of Saofaga's peremptory challenge.

---

[7]  *See Main v. State*, 668 P.2d 868, 871-72 (Alaska App. 1983).

[8]  Alaska R. Crim. P. 25(d)(2) ("If a party has moved to disqualify a judge for cause within the time permitted for filing a notice of change of judge, such time is tolled for all parties and, if the motion to disqualify for cause is denied, a new five-day period runs from notice of the denial of the motion.").

[9]  *See* Alaska R. Crim. P. 25(d)(2).

*Saofaga's claim that Judge Smith lacked the authority to issue any ruling on the peremptory challenge*

Saofaga contends that if a peremptory challenge is filed within the time period permitted by Rule 25(d)(2), then the judge who has been challenged has no authority to rule on (or take any other action on) the peremptory challenge. Instead, according to Saofaga, the case must be immediately transferred to a different judge. This different judge would then rule on whether the party has forfeited their right of peremptory challenge under Rule 25(d)(5).

Saofaga bases this argument on Criminal Rule 25(d)(3), which states in pertinent part:

> (3) *Re-Assignment.* When a request for change of judge is timely filed under this rule, the judge shall proceed no further in the action, except to make such temporary orders as may be absolutely necessary to prevent immediate and irreparable injury before the action can be transferred to another judge.

According to Saofaga, this provision required Judge Smith to immediately transfer Saofaga's case to another judge prior to ruling on the forfeiture question under Criminal Rule 25(d)(5).

We disagree with Saofaga's interpretation of this provision. As the title of the provision indicates, Criminal Rule 25(d)(3) governs the procedures under which a case is permanently reassigned to another judge when the initial judge has been validly preempted.[10] It does not govern the procedures for determining whether a valid peremptory challenge has been filed in the first instance. There is nothing in Rule 25(d)(3) to suggest that a judge who is the subject of a peremptory challenge cannot rule

---

[10] *See* 2A Norman J. Singer & J.D. Shambie Singer, Sutherland Statutes and Statutory Construction § 47:14, at 344 (7th ed. 2007) (stating that section headings may "help illuminate legislative intent").

on the validity of that challenge. Indeed, the provision contemplates that the judge who is the subject of the peremptory challenge will rule on whether it is "timely." There is no reason to believe that this same judge does not also have the authority to decide whether the challenge is invalid because the party's right of peremptory challenge has been forfeited under Criminal Rule 25(d)(5).

Saofaga nevertheless contends that rulings under Rule 25(d)(5) should be made by another judge so as to avoid the "perception of unfairness." We find no merit to this contention. We note that when a judge is the subject of a motion to disqualify for cause under AS 22.20.020, the judge must still rule on the motion, even though the "perception of unfairness" would seemingly be greater in those circumstances.[11] We perceive no reason why peremptory challenges should be treated differently.

We therefore reject Saofaga's claim that Judge Smith had no authority to rule on the validity of the peremptory challenge.

*Whether Saofaga forfeited his peremptory challenge under Criminal Rule 25(d)(5)*

Saofaga asserts that he had not forfeited his peremptory challenge because (according to Saofaga) Judge Smith had not yet issued any "substantive" rulings in his case when the peremptory challenge was filed. This is untrue. The record demonstrates that Judge Smith had already made multiple substantive rulings in this case — including, but not limited to, Judge Smith's ruling (in Saofaga's favor) that Saofaga should be

---

[11]  When a judge is directly challenged for cause under AS 22.20.020, the judge who has been challenged is required to decide whether to grant or deny the disqualification. *See* AS 22.20.020(c). If the judge grants the disqualification, the presiding judge of the district is required to "immediately transfer the action to another judge of that district." *Id.* If the judge denies the disqualification, the question of disqualification "shall be heard and determined by another judge assigned for [that] purpose." *Id.*

allowed to pursue his suppression motion, even though the motion could be summarily denied as untimely.

In any event, the test for forfeiture is not whether the judge has made "substantive" rulings in a case. Instead, the test is whether the party (1) has agreed to the assignment of the judge, after reasonable opportunity to consult with counsel; or (2) has participated before the judge in an omnibus hearing, any subsequent pretrial hearing, a hearing under Rule 11, or the commencement of trial, knowing that the judge has been permanently assigned to the case.[12]

Here, the record indicates that both acts of forfeiture occurred. At the May 7 pretrial hearing, six days after Judge Smith was assigned to the case, Saofaga's attorney agreed that Saofaga's trial would start on May 9 in front of Judge Smith. The attorney also participated in the discussion of various pretrial matters at that May 7 hearing, and she then filed substantive motions before Judge Smith the following day. The defense attorney took these actions after having received multiple reminders that Saofaga still had a peremptory challenge that could be exercised against Judge Smith if Saofaga did not want to proceed to trial before Judge Smith.

On appeal, Saofaga argues that his attorney's actions should not be imputed to him, and he contends that there is nothing in the record to show that he (Saofaga) personally waived his right to peremptorily challenge Judge Smith. But as this Court has previously explained, Criminal Rule 25(d)(5) is "a forfeiture rule rather than a waiver rule."[13]

The right to peremptorily challenge a judge without a showing of bias is an "unusual right" that is purely statutory in nature; it did not exist at common law and it

---

[12]  Alaska R. Crim. P. 25(d)(5).

[13]  *Trudeau v. State*, 714 P.2d 362, 366 (Alaska App. 1986) (citing *Main v. State*, 668 P.2d 868, 871-72 (Alaska App. 1983)).

does not exist in the federal courts or in most state courts.[14] Thus, when a defendant who is represented by counsel fails to validly exercise a peremptory challenge, reasonable access to counsel is presumed and "no inquiry need be made into the defendant's understanding of his rights, or the extent to which he and counsel have discussed them."[15] Saofaga's personal waiver was therefore not required under these circumstances.

*Conclusion*

We AFFIRM the denial of Saofaga's peremptory challenge of Judge Smith.

---

[14] *Wamser v. State*, 587 P.2d 232, 234-35 (Alaska 1978).

[15] *Trudeau*, 714 P.2d at 366 (citing *Main*, 668 P.2d at 871-72). We note that Saofaga has not claimed that his attorney's actions constituted ineffective assistance of counsel; nor has he claimed that he is actually prejudiced by having Judge Smith as his trial judge. *See Trudeau*, 714 P.2d at 366-67.